414 So.2d 703 (1982)
STATE of Louisiana
v.
Jerry Wayne LEWIS.
No. 81-KA-1449.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
*704 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Sonia D. Peters, Robert Gillespie, Jr., Dale G. Cox, Asst. Dist. Attys., for plaintiff-appellee.
Nesib Nader, Shreveport, for defendant-appellant.
LEMMON, Justice.
The sole issue in this appeal is whether defendant's sentence of 25 years at hard labor for attempted aggravated rape is excessive.
Defendant broke into the victim's residence at approximately 3:00 a. m. While holding a six-inch butcher knife, he told the victim he wanted to have sexual intercourse with her and would not hurt her if she cooperated. He then performed oral sex on the victim, but she prevented further sexual advances by striking him over the head with a lamp. When the victim's son entered the room, discovered the assault and fled to call the police, defendant ran from the house. He was subsequently apprehended and charged with attempted aggravated rape, aggravated burglary, and aggravated crime against nature.
After one day of trial, defendant agreed to plead guilty to attempted aggravated rape, and the state dismissed the other charges as part of the plea bargain. At the sentencing hearing the 19-year old defendant expressed anguish and remorse over his conduct, saying that incarceration had been the worst experience of his life and that he would never give any more trouble because God had changed his life. Letters from several citizens of the community were submitted on defendant's behalf.
Defendant had no prior convictions as an adult, but had a juvenile adjudication arising out of the burglary of a washerteria. The trial judge reviewed this and other information in the presentence investigation report, and he thoroughly discussed on the record all of the pertinent aggravating and mitigating sentencing considerations. There is no suggestion that inappropriate or inaccurate factors were considered.[1]
The judge then imposed a sentence of 25 years at hard labor.
The sentence was half the statutory maximum for the offense to which defendant pleaded. However, defendant received considerable benefit from the plea bargain which reduced his sentencing exposure by the dismissal of charges for other offenses which he admitted committing. Moreover, the crime itself was extremely serious and violent, in that defendant broke into a residence at night, terrorized the inhabitants with a dangerous weapon, and forcefully violated the person of the victim. Only defensive action by the victim prevented further sexual assaults.
Sentencing is a function of the trial court. While sentences are subject to review, the reviewing court should not substitute its judgment for the well considered judgment of the trial court. The sentence under review in the present case was a tough one for a youthful first felony offender. Nevertheless, we cannot say that the sentence was an abuse of the trial judge's discretion or was grossly disproportionate in the light of the circumstances of the particular offense and the character of *705 the particular offender. Nor can we say that the sentence inflicts unwarranted pain and suffering.
Defendant's conviction and sentence are affirmed.
NOTES
[1] See State v. Williams, 397 So.2d 1287 (La. 1981), in which the sentencing judge gave specific consideration and weight to defendant's juvenile adjudication (in the same judge's court) which had been reversed on appeal, and State v. Forshee, 395 So.2d 742 (La.1981), in which the sentencing judge stated unfounded conclusions as to defendant's employment and his failure to accept blame for his conduct.