CURRAULT, Judge.
This criminal appeal, coming to this court from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, arises from the sentences imposed on defendant, Donald R. Shelton, Jr., as a result of convictions on charges of attempted simple burglary and theft.
In Matter 82-KA-125 (82-882), the defendant, Donald R. Shelton, Jr., was charged by bill of information with a violation of La.R.S. 14:62 (simple burglary). In the companion case 82-KA-126 (82-1060), Shelton was charged with two counts of La.R.S. 14:67 (theft). Count 1 involved the sum of $1,350; Count 2, $1,450. In both instances the victim was the National Bank of Commerce.
Pre-trial discovery and suppression motions filed by counsel were satisfied by a viewing of the State’s file. A hearing on the issue of Shelton’s sanity was held on May 13, 1982, at which time he was found competent to stand trial.
Pursuant to a plea agreement with the State, on June 3, 1982, Shelton pled guilty in Matter 82-KA-125 to the reduced charge of attempted simple burglary. On that same day, in Record 82-KA-126, a plea of guilty was entered to Count 1 of the bill of information, which was amended to a value of $499. Count 2 was dismissed.
On June 23, 1982, sentence was imposed. On the attempted simple burglary charge, *1176 Shelton received a sentence of three years at hard labor. On the charge of theft of $499, a sentence of two years at hard labor was imposed. The sentences were ordered to run concurrently. The defendant now appeals, charging as error the excessiveness of the sentence.
The record in this case reveals that the trial judge articulated the factual basis for the sentences imposed in accordance with Louisiana Code of Criminal Procedure art. 894.1, and thus preserved a record for this court to review the issue of excessiveness. See State v. Jackson, 360 So.2d 842 (La.1978).
In order to be excessive, a sentence must be grossly disproportionate to the offense. State v. Pearson, 425 So.2d 704 (La.1982).
In Louisiana, in order to determine excessiveness, the reviewing court must balance the character and propensities of the offender against the harm to society (and the victim) caused by the crime for which the defendant has been convicted.
Using this balancing of interests test, a sentence becomes excessive when it “shocks our sense of justice” or “becomes only the needless infliction of pain and suffering.” State v. Bonnano, 384 So.2d 355, 357, 358 (La.1980).
Although sentences are subject to review, this court should refrain from substituting its judgment for the trial court’s unless a clear abuse of discretion is shown. State v. Lewis, 414 So.2d 703 (La.1982).
In the instant case, the sentences do not appear excessive. As charged, the defendant faced a possible maximum sentence of 32 years (La.R.S. 14:67 [theft, over $500]), ten years each count; (La.R.S. 14:62 [burglary]), twelve years. The maximum sentence which could have been imposed on the charges which the defendant pled guilty was eight years. (La.R.S. 14:67 [theft, under $500]), two years and (La.R.S. 14:27, :62 [attempted simple burglary]), six years. The terms of two years and three years running concurrently were nowhere near the statutory maximum.
The trial judge, in stating for the record his reasons for sentencing, noted that the defendant was involved in the cashing of forged checks on a large scale, including 15 checks stolen from his father’s residence and others stolen from a local business in the burglary forming the basis for the other charge. He noted that the burglary itself involved the theft of payroll checks and showed an intent to further the check forging behavior.
Additionally, the trial court pointed out that, after being examined by two psychiatrists, it was determined that even with extended psychotherapy, the defendant could possibly repeat his alleged crimes. The judge felt that institutionalization of the defendant was appropriate, as anything less than that total of three years imposed would discount the seriousness of the crimes.
After a review of the law and evidence, we conclude that the sentences imposed were not excessive under these facts. Accordingly, the judgment of the trial court is hereby affirmed.
AFFIRMED.