446 So.2d 1210 (1984)
STATE of Louisiana
v.
Floyd QUEBEDEAUX.
No. 82-KA-0072.
Supreme Court of Louisiana.
February 27, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard E. *1211 Boudreaux, Jr., Dist. Atty., J. Phil Haney, Asst. Dist. Atty., for plaintiff-appellee.
Keith Comeaux, New Iberia, for defendant-appellant.
PER CURIAM.
Floyd Quebedeaux was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, he was found guilty as charged. The trial judge sentenced defendant to serve the maximum sentence for simple burglary twelve years at hard labor. On appeal, defendant's conviction was affirmed by this court; however, because the trial judge did not state for the record any mitigating circumstances before imposing the maximum sentence as directed by La.Code Crim.P. art. 894.1, we vacated his sentence and remanded the case to the trial court for re-sentencing. State v. Quebedeaux, 424 So.2d 1009 (La.1982). On remand, after a sentencing hearing in compliance with La. Code Crim.P. art. 894.1, the trial judge again sentenced defendant to serve twelve years at hard labor.
Defendant appeals to this court urging one assignment of error, that the sentence imposed is excessive. Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge's wide sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979). After review of the record in this case, we are unable to say that the trial judge abused his discretion in sentencing defendant to twelve years at hard labor. Hence, we do not find defendant's sentence excessive. Accordingly, defendant's sentence is affirmed.