MARVIN, Judge.
After pleading guilty, this defendant appeals, as excessive, his consecutive sentences at hard labor to 15 years for an aggravated crime against nature and to 50 years for an attempted aggravated rape. LRS 14:42, 89.1. We affirm.
The victim was the 11-year-old stepdaughter of defendant, who is a 36-year-old college graduate. Before pleading guilty, defendant admitted to either or both police and a psychiatrist who was a member of the sanity commission, that he committed numerous crimes against nature and at least two rapes against this stepdaughter. These were aggravated crimes because of the age of the child. He also admitted a *1165 prior act of criminal sexual contact with another young female relative and admitted that his sexual preference was for young girls. The psychiatrist characterized defendant as a person who was afflicted with the psycho-sexual disorder of pedophilia that clearly influenced his behavior and who had difficulty channeling his sexual feelings and excitements.
Defendant is technically a first offender who otherwise has not been physically abusive of the young females. He argues that his first offender and his mentally afflicted status and the fact that he has not otherwise physically abused his victims should have mitigated the sentences. Defendant cannot complain of the sentence for the aggravated crime against nature because he agreed to that term in his plea bargain. State v. Curry, 400 So.2d 614 (La.1981).
In the plea negotiations, the state agreed to reduce the charge of aggravated rape to the charge of attempted aggravated rape. Defendant admitted conduct which would have proved him guilty of aggravated rape and which would have carried the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. LRS 14:89.1. The reduction in the charge was of substantial benefit to defendant and is a factor which may be considered by the sentencing judge. State v. Lanclos, 419 So.2d 475 (La.1982).
The trial court mentioned the admissions by the defendant and the conclusions of the psychiatrist. The trial court found that defendant’s complete lack of remorse was a further aggravating factor. The trial judge concluded that the defendant was likely to commit a similar offense if allowed his freedom. Another factor which the trial court found was important and that apparently influenced the trial court to impose the sentences was the defendant’s complete inability to understand the lasting psychological damage he had caused his young victim by sexually forcing himself upon her.
Under these circumstances, we find no abuse of discretion in the trial court’s imposition of the sentences and we AFFIRM.