451 So.2d 1167 (1984)
STATE of Louisiana
v.
Alvin ELZY.
No. KA-1158.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1984.
*1168 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Harry E. Cantrell, Jr., New Orleans, for defendant-appellant.
Before SCHOTT, AUGUSTINE and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Alvin Elzy is appealing his conviction of attempted aggravated rape in violation of La.R.S. 14:27 (attempt). See La.R.S. 14:42 (aggravated rape). Defendant was arraigned on a charge of attempted aggravated rape. After a trial by a twelve person jury, he was found guilty as charged. A sentencing hearing was held, and defendant was sentenced to serve 25 years at hard labor.
FACTS
At trial, the state adduced the following facts:
On September 10, 1982, the victim was awakened in the early morning hours by defendant who told her that he wanted to "make love to her." He said that he did not want to hurt her, although he held a knife to her throat and threatened to use it if she screamed. He unsuccessfully attempted to rape her. Someone knocked on the door, and the victim heard her mother get up to answer the door. Defendant said that he would take her with him, but she screamed and the victim's mother and brother ran into the room. A struggle ensued during which the victim grabbed defendant, and he cut her hand with the knife. The defendant then fled.
Defendant was a friend of the victim's brother. The victim, the victim's mother, and the victim's brother all identified defendant as the man who had been in their home that evening. The victim's mother testified that her son had knocked on the *1169 door at the time that the attempted rape was occurring, and as she let him in she heard her daughter scream that defendant was trying to rape her. The victim's brother's testimony is identical. The brother chased defendant out of the house and down the street, until he lost track of him.
The police were called to the scene. It appeared that the house had been broken into through a back window. The police arrested defendant at his home, and took him to the victim's home, where he was positively identified. There were no fingerprints on the knife handle, because the surface could not hold prints. Fingerprints were found, however, on a piece of box top that was dropped in the victim's house. The prints belonged to defendant.
At trial, the defense offered an alibi witness, Willie Washington. He stated that both he and defendant had been drinking that evening. They were in the area near the victim's home and that defendant had been in the alley in the back of victim's home for about ten minutes. He testified that they both began running when they heard someone yell rape.
Defendant testified at trial on his own behalf and substantiated witness Washington's story that they had been drinking the night in question. He testified that he and Washington had gone to the victim's house to see the victim's mother. He stated that the victim's brother was sitting on the front porch, and the defendant asked to use the bathroom. Because the brother told him that the house was locked and he could not enter, defendant went into the alley behind the side of the house to relieve himself. It was at this time that defendant heard a noise coming from the house. Because he was on probation, defendant became frightened and ran. The victim's brother chased him and defendant hid in some bushes in order to avoid detection. Defendant denied that he went inside the house that night as well as denying attacking the victim. He claimed that the box top with his fingerprints on it was planted in the house to frame him.
Defendant assigns three errors committed in the trial court as a basis for reversal of his sentence and conviction: (1) lack of sufficient evidence to support a conviction for attempted aggravated rape; (2) failure of the trial court to grant a mistrial based on improper remarks made by the prosecution during closing arguments; and (3) the imposition of an excessive sentence.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant asserts that the trial court was in error in denying a request for a new trial based upon insufficiency of the evidence. His argument is that the state failed to prove that the victim resisted to the utmost.
La.R.S. 14:42 provides:
"Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
In reviewing a conviction in order to determine whether sufficient evidence was presented in the trial below, the evidence must be viewed in the light most favorable to the prosecution, and it must be determined that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982).
In the instant case, there is evidence in the record to support a finding that the defendant was armed with a knife which he *1170 held to the victim's throat and threatened to harm her with if she did not comply with his wishes. Although the victim did state that defendant told her that he "did not want to hurt her," his actions would cause any reasonable person to be in fear of imminent harm. The victim testified that she did not attempt to struggle because of the knife.
Based on the evidence presented at trial, the state proved beyond a reasonable doubt that the victim was prevented from resisting by the threat of great and immediate bodily harm as well as because the defendant was armed with a dangerous weapon.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant assigns as the second error, the trial court's denial of a motion for mistrial on the basis of an improper remark made by the prosecution during closing argument.
The remark to which defendant objects is:
"Please remember what she has had to go through and when you go to the jury room to deliberate, send a message to the community that we will not allow people like this ..."
At this point, the defense objected and moved for mistrial, which was denied. Defendant contends that this statement was improper in that it went beyond the evidence admitted at trial and was an indirect appeal to prejudice.
Article 774 of Louisiana Code of Criminal Procedure sets forth the scope of closing arguments:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant."
Although a remark may go beyond the scope set forth in the above article, it is considered to be harmless error, unless this court is convinced that the remark influenced the jury so that it contributed to the verdict. State v. Moore, 432 So.2d 209 (La.1983); State v. Messer, 408 So.2d 1354 (La.1982); State v. Lee, 364 So.2d 1024 (La.1978). In the instant case, there was ample evidence presented at trial to find defendant guilty of the crime with which he was charged. Based upon the evidence presented at trial, we need not determine whether the remark made in the closing argument was in violation of Louisiana Code of Criminal Procedure article 774, because we find that even had it been improper, it would not have contributed to the verdict.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
The defendant argues that the trial court imposed an excessive sentence. He alleges that the trial court failed to particularize the sentence to fit the crime and his background as required by Louisiana Code of Criminal Procedure Article 894.1. He was sentenced to serve 25 years at hard labor; the maximum possible sentence which he could have received would have been 50 years.
The imposition of excessive punishment is prohibited by Article 1, Section 20 of the Louisiana Constitution of 1974. In State v. Sepulvado, 367 So.2d 762 (La. 1979), the Louisiana Supreme Court held for the first time that a sentence may be excessive although it is within statutory limits. A sentence is constitutionally excessive if it is "grossly out of proportion to the severity of the crime, or is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonanno, 384 So.2d 355 (La.1980).
In sentencing a defendant, the trial court uses the guidelines set forth in Louisiana Code of Criminal Procedure article 894.1 to individualize the punishment. The court need not articulate each of the aggravating *1171 and mitigating circumstances contained in that article, but the record should reflect that these guidelines were taken into consideration in the defendant's sentencing. State v. Johnson, 443 So.2d 744, (La.App. 4th Cir.1983).
In the case before us, it is clear that the trial court took into consideration the guidelines before sentencing defendant. At the sentencing hearing, after defendant testified on his own behalf, the trial court made a note that defendant had previous convictions for simple battery and for aggravated battery, and was on probation at the time of the offense. The trial judge also held that because of the facts presented by this case, defendant's record, and the contents of the pre-investigation report, the sentence was warranted.
After it is apparent that the trial court has taken the guidelines in consideration when handing down a defendant's sentence, that sentence must be reviewed for excessiveness. A sentence imposed by the trial court should not be disturbed absent a manifest abuse of discretion. State v. Johnson, supra; State v. Pearson, 425 So.2d 704 (La.1982) and cases cited therein.
The evidence contained in the record shows that the defendant attempted to commit a serious and violent crime against the victim. Not only does this type of crime require a severe sentence, the defendant's own criminal background indicates the need for incarceration. We note that this sentence is not out of line with other sentences given in this state and upheld by the appellate courts in similar instances. See e.g., State v. Lewis, 414 So.2d 703 (La.1982).
This assignment of error is without merit.
For the foregoing reasons the conviction and sentence of defendant is AFFIRMED.
AFFIRMED.