469 So.2d 1161 (1985)
STATE of Louisiana
v.
Aaron GREEN.
No. 84-KA-639.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*1162 Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for State.
A. Gerard Johnston, Metairie, for defendant-appellant.
Before BOUTALL, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Defendant, Aaron Green, was charged by a bill of information with a violation of LSA R.S. 14:64, armed robbery. The defendant pled not guilty and, on July 17, 1984, he was tried before a twelve-person jury which found him guilty as charged. The defense filed post-conviction motion for a judgment of acquittal and for a new trial, both of which were denied. On August 31, 1984, Green was sentenced to five (5) years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals that conviction and sentence urging four assignments of error.
On the evening of January 23, 1984, Pamela Jones, an assistant manager at the Ecol Service Station and Convenience Store, located at 775 Behrman Highway on the westbank of Jefferson Parish, was preparing to make a "drop" of excess cash from her register to the store safe. The last time she had looked at the clock it had been 6:00 p.m. Although it was relatively early, it was already dark and fog enshrouded the adjacent gas pumps. A car drove into the service station area and stopped by the first pump on the Behrman Highway side. Without paying much attention, Ms. Jones cut the gas pump on, to allow the customer to get gas, and continued to count the cash destined for the safe. Hearing the door to the convenience store open, she asked, without looking up, if she could be of assistance. As no one acknowledged her request, she stopped the preparation of the deposit and looked up at the customer who had entered the store. She recognized the man from waiting on him previously and reiterated her request to be of assistance. He responded negatively.
The victim narrated the subsequent events as follows:
And at that time he laid an umbrella that had not been openedIt was one of those short umbrellas that fold, that pop in like that (indicating), and it was still closed and sealed, but it was wet. And he laid that on the counter, reached into his jacket like this (indicating) and pulled out the little gun, and he kept it like this the whole time (indicating). He never set it upright or any other way; he kept it exactly like this (indicating). And that's when he said for me to give him the money out of my register?
Q. Did you give him the money?
A. Yes. He told me to stand perfectly still, not to twitch my arms or anything, not to move either leg, to just stand perfectly still and keep my hands where he could see them.
. . . . .
A. [After he took the money] [h]e told me to stand right there, not to hit the alarm, not to make any moves whatsoever or else he would blow me through the magazine rack that I was standing in front of. And he said that if he'd seen me move from outside, that he would shoot me through the window, that he would be watching. And he said that, also, if I made any attempt to contact the police for an identification or anything, he would come back.
The man then exited the store, taking the money and three cartons of cigarettes. When Ms. Jones returned to work several days later, her third customer was the subject who had robbed her. He entered the store, smiled at her, and paid for the gas he *1163 intended to purchase. He returned outside and began to pump the gas, watching her the entire time. She called for her sister, the store manager, who was in the back of the store, and told her that the robber was outside pumping gas. From her vantage point, Ms. Jones' sister was able to obtain a complete license plate number from the subject's car. When the subject observed her, he fled. The following morning, the subject again came to the Ecol Station. On this occasion, Ms. Jones locked the door and refused him admittance to the store.
From the license plate number, the police determined that the car driven by the subject was owned by Aaron Green. A photo lineup was prepared and displayed to Ms. Jones. She identified Aaron Green immediately as the perpetrator of the armed robbery. He was subsequently arrested and the present prosecution ensued.

ASSIGNMENT OF ERROR NUMBER 1
The honorable trial judge committed error sufficient to reverse the conviction herein when he allowed the prosecutor to present in rebuttal unfair and improper arguments.
We note that no contemporaneous objections were lodged regarding the allegedly improper remarks made by the prosecutor during closing arguments. La.C.Cr.P. art. 841 provides in part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence...
Addressing a similar question, our brothers of the First Circuit, with whom we agree on this issue, stated:
The issue as to propriety of closing argument remarks is not preserved for review where defense counsel makes no objection to the statement either during argument or after the argument. State v. Whitmore, 353 So.2d 1286 (La.1977). Stated another way, objections to remarks of a prosecuting attorney must be timely made in order to preserve the error on appeal. State v. Batiste, 318 So.2d 27 (La.1975).
As the defense, in the present case, made no timely objection to the State's rebuttal argument, we find that the issue has not been preserved for appellate review. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2
The honorable trial judge committed error sufficient to reverse the conviction herein when he denied the Motion for New Trial, timely filed, premised on the grounds recited therein.
The defense motion for new trial stated:
The ground for this motion (footnote 1) is that the summation to the jury by the prosecutor was so unfair, improper and prejudicial that a new trial is required `that the ends of justice be served' pursuant to Art. 851(5).
(Footnote 1 reads: For reasons stated in the oral argument in Support of Motion for Judgment of Acquittal, we also submit as grounds for a new trial the fact that the verdict was against the weight of the evidence.)
As the legal issues presented by the prosecutor's rebuttal argument have been discussed previously, those issues will not be reconsidered except to note that it is well-settled that while a trial judge may grant a new trial on the grounds that "the ends of justice would be served thereby" (LSA C.Cr.P. art. 851(5), it presents nothing for appellate review. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Matthews, 354 So.2d 552 (La.1978); State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.1984).
Within the argument of this assignment, the appellant intertwines the standard for appellate review of the denial of the motion for judgment of acquittal with that of the denial of a motion for new trial based on the assertion that the verdict is contrary to the law and the evidence.
In State v. Humphrey, 445 So.2d 1155, 1159 (La.1984), the Louisiana Supreme Court stated:
... [R]eview by this Court of the trial court's denial of a motion for a new trial based on an assertion that the verdict is contrary to the law and the evidence is *1164 limited to the question of whether the trial judge has properly exercised his discretion in that regard. State v. Caminita, 411 So.2d 13 (La.1982); State v. Turner, 365 So.2d 1352 (La.1978). The trial judge when called upon to assess the legal merits of a motion for a new trial is accorded considerable latitude in evaluating the reliability of evidence and its potential impact on the verdict; his ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. State v. Fuller, 414 So.2d 306 (La.1982); State v. Molinario, 400 So.2d 596 (La.1981); State v. Jones, 344 So.2d 1036 (La.1977).
The defendant was found guilty of armed robbery in violation of La.R.S. 14:64. Armed robbery is defined as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." (La.R.S. 14:64).
The cashier/victim testified that money (approximately $85.00) and three cartons of cigarettes were removed from her control by a perpetrator who was armed with a dangerous weapon, a gun. She also identified the defendant as the perpetrator, both prior to and at the trial. Interpreting the evidence in the light most favorable to the prosecution, it would appear that sufficient evidence was presented to establish each element of the offense beyond a reasonable doubt.
While the defendant presented several alibi and character witnesses, it is not the function of the appellate courts to reevaluate the credibility choices and findings of fact made by the jury. See State v. Richardson, 425 So.2d 1228 (La.1983); State v. Jenkins, 456 So.2d 174 (La.App. 2nd Cir.1984); State v. Jackson, 452 So.2d 1225 (La.App. 2nd Cir.1984); State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984).
Accordingly, we find no abuse of discretion by the trial judge and this assignment to also be without merit.

ASSIGNMENT OF ERROR NUMBER 3
The honorable trial judge committed error sufficient to reverse the conviction herein when he denied the Motion in Arrest of Judgment, timely filed, premised on the grounds recited therein.
The record does not reflect that motion In Arrest of Judgment was filed by counsel on behalf of the defendant or denied by the court. As there is no ruling by the trial court, we find that the defendant's assertion of error has no merit.

ASSIGNMENT OF ERROR NUMBER 4
Defendant-appellant assigns as error herein all errors pleaded and not pleaded sufficient to reverse the conviction herein and prays and requests this honorable court to use its talent and resources to inspect the records for unpleaded errors that may be apparent on the face of the record including but not limited to the effectiveness of both trial counsel and appellate counsel wherein the interest of justice and the dignity of the constitution of the United States of America and the Constitution of the State of Louisiana, the due process and equal protection clauses thereof may be maintained.
La.C.Cr.P. art. 920 provides "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignments of errors; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review of the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment of sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
*1165 We have examined the record for error patent and found none. However, the defense requests this court to go much further and to also consider the effectiveness of counsel at both the trial and appellate stages of the proceedings. (Despite assertions to the contrary appearing in the appellate brief, we note that appellate counsel represented the defendant at trial, albeit not at pre-trial proceedings.)
The law is well settled that allegations of ineffective assistance of counsel are more properly raised by an application for post conviction relief, rather than by an assignment of error presented on the direct appeal of the case. See State v. Seiss, 428 So.2d 444 (La.1983); State v. Tauzier, 397 So.2d 494 (La.1981); State v. Williamson, 389 So.2d 1328 (La.1980); State v. Malveaux, 371 So.2d 820 (La.1979). See also State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984).
While the Supreme Court has addressed the issue on direct appeal in several cases, it appears to have done so only where "the record discloses [the] evidence needed to decide the issue of ineffective assistance of counsel", noting that such a procedure was "in the interest of judicial economy...." See State v. Ratcliff, 416 So.2d 528, 530 (La.1982). See also State v. Seiss, supra.
In addition, it is neither appropriate nor wise to place upon the appellate court the burden of acting as substitute counsel for the defendant, engaged in a desperate search for error of any kind; and we decline to accept such an obligation.
In the present case, as there is no specific allegation of incompetency or demonstration of prejudice, it would not be "in the interest of judicial economy" to peruse the entire trial record searching for possible errors made by counsel.
For the above-stated reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.