472 So.2d 174 (1985)
STATE of Louisiana
v.
Louie SCHEXNAYDER, Jr.
No. 85-KA-50.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*175 Gregory C. Champagne, Asst. Dist. Atty., Hahnville, for State of Louisiana, plaintiff-appellee.
Risley C. Triche, Triche, Sternfels and Nail, Napoleonville, for defendant-appellant.
Before BOUTALL, CURRAULT and BOWES, JJ.
BOUTALL, Judge.
Louie Schexnayder was indicted for aggravated rape, LSA-R.S. 14:42. The State reduced the charge to attempted aggravated rape, to which Schexnayder pled guilty. Following a presentence investigation, defendant was sentenced to 30 years at hard labor. This appeal followed.
Appellant assigns these errors for our review:
1. The sentence of thirty years imposed upon defendant in this case constitutes cruel and unusual punishment, in light of the facts of this case and the background of the defendant, all in violation of the Eighth and Fourteenth Amendments to the United States Constitutions, and in violation of Article 1, Section 20 of the Louisiana Constitution of 1974.
2. The trial court failed to properly consider the entire presentence investigation.[1]
3. Certain factors relied upon by the trial court in imposing sentence were inaccurate and/or unsupported by the record.[2]

FACTS
On the evening of March 16, 1984, the 25 year-old victim went to Mongrue's Club in Luling, Louisiana, to see some friends and drink a few beers. During that time, the defendant approached her and started a conversation; he later made advances toward her, which she did not encourage.
Around 1 a.m., the defendant asked the victim to walk with him to his car, which she did. At this point, the defendant shoved her into his car, drove to Monsanto Park in Luling, and repeatedly forced her to have intercourse and oral sex with him.
During this ordeal, defendant was very rough with the victim, almost choking her at one point. Another time he punched her in the face, once in the left eye and once on the left cheek. The victim had a swollen, black eye as a result. He also repeatedly pulled on her hair when he forced her to have oral sex with him.
When they left Monsanto Park, defendant made the comment that perhaps he would take his victim up on the Luling Bridge and throw her off, so she would not be able to tell anyone "that Louie Schexnayder hit you." However, the defendant drove back to Mongrue's and dropped the victim off at her car.
The victim drove herself home, washed up and went to bed. The next morning, she informed her parents about what had happened, and they contacted the police. An arrest warrant was issued for the defendant, and he was arrested.

On Motion to Remand
Before addressing the assignments of error, we note that prior to oral argument, counsel for appellant filed a "Motion To Remand For The Purpose of Allowing *176 Lower Court To Hear Motion To Vacate Guilty Plea And To Set Aside The Sentence" in which he contended the circumstances surrounding the entry of his guilty plea rendered the plea unconstitutional. Argument on the motion was heard the same day as oral argument on the merits of the instant appeal, at which time counsel for appellant elaborated on the grounds for remand stated in the motion. At the close of oral argument, the matter was submitted and taken under advisement.
We deny the motion to remand. We find that the grounds urged in the motion are not concerned with the actual commission of the crime or its attendant proceedings, nor are they at issue on this appeal. This motion is not related to anything now before this court, and we find nothing in the record relative to the grounds of the motion.
Under these circumstances, we see no reason why this court should set aside this appeal and remand for a hearing, especially when appellant has other means of post conviction relief. See La.C.Cr.P. art. 924 et seq.
Accordingly, the motion to remand is denied.

ASSIGNMENT OF ERROR NO. 1.
Appellant first contends the sentence of thirty years constitutes cruel and unusual punishment, in light of the facts and circumstances of this case and the background of the defendant, all in violation of the Eighth and Fourteenth Amendments of the United States Constitution, and in violation of Article 1 § 20 of the Louisiana Constitution of 1974.
Article 1 § 20 of the Louisiana Constitution of 1974 states in pertinent part that "no law shall subject any person... to cruel, excessive, or unusual punishment..." A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Howard, 414 So.2d 1210 (La.1982). A trial judge is given wide discretion in imposing sentences within statutory limits, and the sentence should not be set aside as excessive absent a manifest abuse of his discretion. State v. Smith, 437 So.2d 252 (La.1983). The trial judge's reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1 are an important aid in the reviewing court when that court is asked to review a sentence for excessiveness. While the trial judge need not articulate every aggravating and mitigating circumstance present in La.C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La. 1981).
It is clear from a reading of the sentencing transcript that the trial judge considered the factors mentioned in Article 894.1 in imposing sentence; the trial judge gave detailed reasons for sentencing, which will be discussed below.

Serious and Violent Nature of the Crime
Perhaps the most compelling evidence supporting this sentence is the manner in which this crime was committed. As already described, the defendant brutally beat the victim in the face, leaving her with a swollen and black eye. He pulled her hair a number of times as he forced her to perform oral sex on him, and at one point choked her. Finally, he threatened her with murder. The record shows that the victim endured severe physical and mental abuse throughout this ordeal.
Courts have recognized that rape, particularly aggravated rape, is a serious and violent crime committed against the victim's person, one which requires a severe sentence. State v. Elzy, 451 So.2d 1167, 1171 (La.App. 4th Cir.1984), and State v. Benton, 453 So.2d 993 (La.App. 1st Cir. 1984). Recent convictions for attempted aggravated rape reveal that similarly situated defendants have received similar sentences. See State v. Elzy, supra, State v. Green, 449 So.2d 1164 (La.App. 2d Cir. 1984), and State v. Lewis, 414 So.2d 703 (La.1982).

*177 Defendant's Criminal Record

When sentencing the defendant, the trial judge noted defendant's past criminal history:
In going through the presentence investigation report, the Court takes particular notice of the history of this young man. According to the presentence investigation, he's been on one type of drugor when not on drugs, on intoxicating beveragesindicating that this is not his first encounter with the Law.
In that respect, you can see he's led a sort of charmed life; for example, simple burglary in 1980 was a normal problem here in Hahnville; in Hahnville again, in 1981, two counts of aggravated assault, two counts of resisting arrest by attempting suicide; disturbing the peace in '82; simple escape in '82; again in '82, driving while intoxicated, resisting an officer, simple battery. Then, in 1983, he graduated to much more sophisticated crimesMurder 1 attempt, aggravated rape attempt, disturbing the peace, illegal discharge of a firearm.
* * *
The record shows that defendant's past is replete with instances of violent, armed aggressions. As the trial judge noted: "I find that the actions of Mr. Schexnayder were particularly vicious in his attack upon the victim, which leads the Court to believe that it could well beif there is another occasion, it could well be that he may finally commit a crime of murder."

Lack of Remorse
In State v. Green, supra, where the defendant pled guilty to attempted aggravated rape, the court cited the defendant's complete lack of remorse as an aggravating factor when sentencing the defendant. In the instant case, throughout encounters with the law, the defendant has shown a lack of remorse over his criminal activities. The record conclusively shows that the defendant's attitude remained unchanged at the time of the instant offense. After being informed of the law and pleading guilty to attempted aggravated rape, the defendant was asked if he had any statements to make before the court; his reply was "Only that it takes two to tangle." The defendant apparently felt that the victim somehow shared responsibility for the incident.
Furthermore, time and time again the defendant escaped responsibility for transgressions against society. Despite many arrests, the defendant never sought to change his ways, exhibited no remorse over past activities, and in fact appeared to have escalated toward increasingly serious and violent crimes. This fact was noted by the probation agent in his presentence report.

Failure to Respond to Past Substance Abuse Treatment
The record shows that defendant has a history of drug and alcohol abuse. Following several of defendant's previous arrests, he was enrolled in substance abuse programs. The defendant did not respond to the treatment programs. In the presentence investigation report, the probation agent noted that, "Although substance abuse may have played a part in subject's behavior this agent cannot overlook a pattern of violence which appears to have escalated to its present state ... Subject's past history shows that he had been to substance abuse clinics four times and still continued to abuse drugs and alcohol. By law five years is the maximum amount of years a subject can be sentenced to probation in Louisiana. I feel that this is not enough time to justify this offense."
After analyzing the above, we conclude that defendant's sentence of thirty years is not excessive. Defendant could have received a maximum sentence of fifty years imprisonment. Moreover, by pleading guilty to attempted aggravated rape, defendant reduced his sentencing exposure considerably, as a conviction for aggravated rape carries a mandatory sentence of life imprisonment. This, along with defendant's past history of violent criminal activity, the serious and violent nature of the instant offense, his lack of remorse, and his failure to respond to previous substance abuse treatment, leads us to conclude the trial judge did not abuse his *178 discretion in imposing the sentence. Nor do we find that this sentence is disproportionate to the severity of the crime.

ASSIGNMENT OF ERROR NO. 2
Appellant next contends the trial court failed to consider mitigating factors listed in the presentence report in imposing sentence. Essentially, appellant's argument is that his family life and history of substance abuse have made him what he is, and should operate to lessen his sentence.
We cannot agree. We believe the trial judge considered all the relevant factors of defendant's past in sentencing defendant, including what may have been a poor family life, and substance abuse. However, the trial judge also considered defendant's past criminal record, the seriousness of the instant crime, and the violent manner in which it was committed.
We have already held that defendant's sentence is not excessive. We now hold that the mitigating factors urged by appellant are insufficient under the circumstances of this case to reduce it to any amount less than thirty years.
Accordingly, the sentence is affirmed.
AFFIRMED.
NOTES
[1] Appellant specifies this assignment in his brief as "The trial court failed to consider the mitigating factors contained in the presentence investigation report."
[2] Assignment of error No. 3 was not briefed and unless argued should be deemed abandoned. Uniform RulesCourts of Appeal Rule 2-12.4.