J. BRUCE NACCARI, Judge Pro Tem.
The defendant was convicted of receiving stolen goods valued at more than $500.00 in violation of La.R.S. 14:69 and sentenced to five years at hard labor and a fine of $500.00 or six months in default thereof. On July 8, 1985, this Court affirmed the defendant's conviction, however the five year sentence was set aside as excessive and the case was remanded. See State v. Smith, 473 So.2d 366 (La.App. 5th Cir.1985). On October 21, 1985, the defendant was resentenced to three years at hard labor. The defendant, acting in proper person, appeals from this sentence and argues eight assignments of error. In addition, the defendant’s brief suggests that he also alleges ineffective assistance of counsel. We affirm.
The issues presented are:

Issue 1

In assignments of error numbers one, four and five, the defendant appears to allege that the search warrant and the search subsequent thereto were invalid.

Issue 2

Assignment of error number three presents the issue as to whether sufficient evidence exists to support a finding of guilt, and assignments of error numbers two and eight present the issue of whether the trial court erred in matters at trial.

Issue 3

In assignment of error number six the defendant alleges that the trial court erred in requiring him to post an appeal bond.
Issue J
Assignment of error number seven presents the issue of whether the defendant’s sentence is excessive.

Issues 1, 2, and 3

Initially it should be noted that this Court has previously addressed this defendant’s conviction on appeal. See State v. Smith, supra. In that opinion, this Court found that the evidence was sufficient to justify the defendant’s conviction and that the search warrant was valid. Secondly, the defendant’s conviction was affirmed by this Court on July 8, 1985 and the defendant did not apply to this Court for rehearing or to the Louisiana Supreme Court for review. The defendant’s conviction became final when the defendant failed to seek further review timely, and his conviction is no longer subject to review under the ordinary appellate process. State v. Counterman, 475 So.2d 336 (La.1985). Thus the defendant’s assignments *1223 of error regarding warrants and trial procedure are not subject to review in this appeal from his resentencing.

Issue 4

The defendant alleges that the trial court erred in requiring him to post bail pending appeal, in not verifying the value of his property and in requiring him to pay a surety to post bail. The defendant cites La.C.Cr.P. art. 911. We find however, that this issue is not timely brought before this court. La.C.Cr.P. art. 322 provides that “a person held may invoke the supervisory jurisdiction of the court of appeal on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case.” In State v. Simmons, 414 So.2d 705 (La.1982) the court held that “the issue of whether or not the trial court has improperly refused bail is neither properly nor timely raised on appeal. The correct procedure is to invoke the supervisory jurisdiction of this Court.” Id. at 711. For the same reason, the issue of whether the trial court should have taken cognizance of the value of the defendant’s property is also not timely before this Court.

Issue 5

In reviewing the amended sentence, we find it is not excessive. The defendant was originally sentenced to five years at hard labor and given a $500.00 fine or six months in default thereof. This Court, on appeal, found that sentence excessive based upon the following considerations:
Appellant was 43 years of age at the time of the crime. Although he had a traffic conviction in 1982, he was officially classified as a first offender.
He had been married but once to Creó-la Smith, with whom he lived until her recent death. Four children (sons) were bom to this couple, and all are doing well.
Smith was employed as a juvenile officer with the St. James Parish Sheriffs Office for many years prior to his conviction. He had served in the U.S. Army, been a professional baseball player and was a volunteer in civic and community endeavors. He was, the trial judge said, “... well thought of ...”
In giving Smith five years, the trial judge correctly pointed out that Smith served as a “... role model for the youth of the parish ...” and that he had violated “... his oath of office and the trust placed in him ...”
However, the trial judge also stated that “... there is an undue risk that during the period of a suspended sentence or probation, this defendant would commit another crime ...” Nothing in the record or in Smith’s history suggests such a probability.
While receiving stolen things valued at over $500.00 is serious, it is a nonviolent offense. Under the special circumstances of this case, we believe that the five year sentence was excessive and that Smith’s many law-abiding, productive years should have been given more recognition.
The State, in its brief, argues that the imposed sentence was warranted, but we were not provided with even one case in which a first felony offender recieved a five-year sentence for violation of R.S. 14:69.
State v. Smith, 473 So.2d at 372. In compliance with the opinion, the trial court, on remand, sentenced the defendant to three years at hard labor. The maximum sentence that the defendant could have received is imprisonment for not more than 10 years or a fine of not more than $3,000.00 or both. La.R.S. 14:69. Thus the sentence of three years is well within the statutory limits.
The imposition of a sentence, although within the statutory limit, may nevertheless violate a defendant’s constitutional right against excessive sentence, and is subject to appellate review. State v. Sepulvado, 359 So.2d 137 (La.1978), appeal after remand, 367 So.2d 762 (La.1979); State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1204 (La.1985). Article I, Section 20 of the Louisiana Constitution of 1974 prohibits “cruel, *1224 excessive or unusual punishment.” A sentence is considered excessive if “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Schexnayder, 472 So.2d 174 (La.App. 5th Cir.1985).
A trial court, however is given great discretion in imposing sentence within statutory limits, and the sentence should not be set aside absent a manifest abuse of that discretion. State v. Schexnayder, supra. In order to insure adequate review, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s particular sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Schexnayder, supra.
We find the trial court sufficiently considered the sentencing guidelines set forth in C.Cr.P. art. 894.1 in imposing the three year sentence. While we have found a five year sentence along with a fine to be excessive in light of the defendant’s many law abiding and productive years and in consideration of the fact of the non-violence of his crime, a sentence of three years is not excessive in this case. As the trial court pointed out in its reasons supporting its sentence, the defendant received stolen goods of a value in excess of $43,000.00, seems to have carefully planned and executed his crime and does not now seem to be contrite for his actions.
In State v. Granier, 442 So.2d 1162 (La.App. 3rd Cir.1983) writ denied, 444 So.2d 1214 (La.1984) the defendant was charged with simple burglary but pled guilty to possession of stolen goods of a value greater than $500.00. She was then sentenced to three years at hard labor and a $20,-000.00 fine or six months in default thereof. The reviewing court found the sentence not excessive, noting that the trial court evaluated all the aggravating and mitigating factors of C.Cr.P. art. 894.1 and that the sentence was within the lower range of sentences which might have been imposed pursuant to R.S. 14:69. Likewise, in the instant case, the sentence is in the lower range which might have been imposed.

Ineffective Assistance of Counsel

In his brief, the defendant alleges ineffective assistance of counsel. Allegations of ineffective assistance of counsel are more properly raised by an application for post conviction relief in the trial court where a full evidentiary hearing may be had rather than by assignment of error presented on direct appeal of the case. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Green, 469 So.2d 1161 (La.App. 5th Cir.1985). However, when the record discloses sufficient evidence to decide the issue, the issue may be considered in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Simms, 465 So.2d 769 (La.App. 5th Cir.1985).
In this case, the defendant’s allegation that his attorney did not have five years experience is not a basis for a claim of ineffective assistance of counsel. Additionally, the defendant alleges his attorney failed to enter a plea of double jeopardy when, in fact, there was only one trial in this matter, and a plea of double jeopardy would have been clearly inappropriate. The defendant further alleges that his counsel should have introduced evidence of his polygraph test. This issue, however, would have been properly brought only in the first appeal. The present appeal is from the amended sentence proceeding alone. Furthermore, even if this matter were before us now, we would not be inclined to substitute our judgment, in hindsight, for the judgment of the defense attorney at the time in the proceedings when he made this decision not to attempt to introduce the polygraph test results.
Finally, the defendant contends his counsel “possibly did not present arguments effectively”, however the defendant did not *1225 even assign as error and argue ineffective assistance of counsel in his pro se brief. There is no showing of prejudice to the defendant and no specific allegations of ineffective argument. Judicial economy would not be served by this Court’s inspection of the sentencing record to determine whether counsel was effective in presenting his arguments. See State v. Green, supra. Accordingly, we decline to make such an inspection.
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.