498 So.2d 103 (1986)
STATE of Louisiana
v.
Edward PARR, a/k/a Terry King.
No. 86-KA-289.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
*104 Martha E. Sassone, 24th Judicial Dist., Indigent Defender Bd., Gretna, for Edward Parr a/k/a Terry King, defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for State of La., plaintiff-appellee.
Before DUFRESNE and WICKER, JJ., and J. BRUCE NACCARI, J. Pro Tem.
J. BRUCE NACCARI, Judge Pro Tem.
The defendant, Edward Parr, a/k/a Terry King, was charged with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. He entered a plea of not guilty, and thereafter his motion to suppress a statement admitting the burglary was denied. The first trial ended in a mistrial when the jury could not reach a verdict; however, a second jury trial, held *105 on January 21, 1986, resulted in his being found guilty as charged. After the defendant's motion for new trial was denied, the judge sentenced him to twelve years at hard labor (the statutory maximum time), the first year to be served without benefit of probation, parole, or suspension of sentence. This appeal followed.
The defendant has alleged five assignments of error. As assignments two and four were not briefed by the defense they are deemed abandoned on appeal. Uniform Rules  Courts of Appeal, Rule 2-12.4.
The facts of this case are as follows. The home of Daniel Post at 4731 North Turnbull Drive, Metairie, was burglarized on January 9, 1984. The perpetrator had entered by breaking the front door knob. Camera equipment, cash, jewelry, credit cards, and a leather jacket were stolen.
On August 8, 1985, while in the custody of two Jefferson Parish detectives, the defendant led them to the residence at 4731 North Turnbull Drive after telling them that he had been involved in some burglaries in Jefferson Parish.
A review of the record reveals an error patent, in that the trial court failed to wait twenty-four hours after the denial of the defendant's Motion for New Trial before sentencing. There is no indication that the defendant waived this delay; however, such error is harmless unless prejudice is shown by the defendants. State v. Salgado, 473 So.2d 84 (La.App. 5th Cir. 1985) writ denied 478 So.2d 1233 (La.1985). As the defendant has not made any showing of prejudice in this case, this error is harmless.

ASSIGNMENT OF ERROR NUMBER 1: DENIAL OF MOTION TO SUPPRESS
The testimony at the hearing of the motion to suppress the defendant's statement reveals the following: Detectives Anthony Pacaccio and Gerald Bayer arrested the defendant on several outstanding warrants. The defendant was given his Miranda rights and he indicated to the officers that he understood those rights. Detective Pacaccio testified that the defendant told him he wanted to cooperate to the fullest extent, but refused to sign a written waiver of rights form. The defendant gave an oral statement in which he admitted that he committed a burglary at 4731 North Turnbull Drive. Both detectives testified that the defendant's confession was freely and voluntarily made and that no threat, coercion, or promise was made.
Before a confession can be introduced into evidence, the State must prove that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. R.S. 15:451; State v. Sanchez, 462 So.2d 1304 (La.App. 5th Cir.1985), writ denied 465 So.2d 733 (La.1985). In addition, the State must establish that a defendant in custody was advised of his Miranda rights before making a confession. State v. Sanchez, supra.
In this case, both arresting officers testified that the defendant was advised of his Miranda rights and that he indicated he understood those rights. The defendant then freely and voluntarily confessed to the burglary. The defense presented no evidence to contradict this testimony. Based on this testimony, the trial court found the defendant's confession admissible.
The Louisiana Supreme Court has held that the trial court's determination of a confession's admissibility will not be disturbed unless it is not supported by the evidence. The determination of the credibility of the witnesses is within the sound discretion of the trial court. State v. Vessell, 450 So.2d 938 (La.1984).
The defendant argues that the State did not prove his confession was voluntary because there was no signed waiver of rights. However, failure to sign a waiver does not, by itself, require suppression of the defendant's statement. State v. West, 408 So.2d 1114 (La.1982), appeal after remand, 437 So.2d 256 (La.1983). We believe that the trial court did not err in finding that the defendant's confession was *106 admissible. Accordingly this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 3: DENIAL OF OPPORTUNITY TO RECROSS-EXAMINE WITNESS
During the jury trial, in cross-examination of Detective Bayer, the defense counsel asked:
Q. Why was there no evidence seized in this case?
A. There was not any. It was a year and a half later.
Q. He voluntarily made a statement and you told us, but you can't get any more specific than that?
A. That's all I can give you.
On redirect that State asked:
Q. Why was a warrant not served?
A. A warrant was not served because we did not know where to serve it any where.
When the defendant requested that he be allowed to recross-examine the witness, the trial court refused.
R.S. 15:281 provides:
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect.
Here, the defendant asked on cross-examination why the officers had not seized any physical evidence in this case. Thus the State could properly ask on redirect why a warrant had not been served on the defendant. As there was no new matter on redirect the trial court did not abuse its discretion in refusing to allow the defendant to recross on this issue. See also State v. Salgado, supra.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 5: EXCESSIVENESS OF SENTENCE
The defendant was convicted of a violation of R.S. 14:62.2 and sentenced to twelve years at hard labor, the first year to be served without benefit of probation, parole or suspension of sentence. This is the maximum sentence the defendant could have received under the statute.
Article I, Section 20 of the Louisiana Constitution of 1984 prohibits "cruel, excessive, or unusual punishment". A sentence is considered excessive if "grossly out of proportion to the severity of the crime" or if it "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 426 So.2d 158 (La.1983); on remand 457 So.2d 616 (La.1984); cert. denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Schexnayder, 472 So.2d 174 (La.App. 5th Cir.1985). The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive sentence and is subject to appellate review. State v. Sepulvado, 359 So.2d 137 (La.1978) appeal after remand 367 So.2d 762 (La.1979); State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985) writ denied 468 So.2d 1204 (La.1985). However, a trial court is given great discretion in imposing sentence within statutory limits and the sentence should not be set aside absent a showing of abuse of that discretion. State v. Schexnayder, supra. Although the trial court need not articulate every aggravating and mitigating circumstance listed in the guidelines for sentencing set out in La.C.Cr.P. art. 894.1, the record must indicate that the judge considered the guidelines and particularized the sentence to that defendant. State v. Accardo, supra.
The reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be imposed for the most serious violations of the charged offense and upon the worst kind of *107 offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand 446 So.2d 1210 (La.1984).
In the case before us, the trial court gave the following reasons in imposing his sentence:
THE COURT: Well, Mr. Parr, the Court is familiar with the facts of this particular case as well as your prior history. It appears your tour of duty at least with respect to the Angola facility commenced in Nineteen Sixty-Eight with either your plea or your conviction. Either way, it was a conviction on simple burglary. Likewise, then again, in Seventy-One apparently you had another simple burglary and a receiving for which you got three years. The initial one was two years. In Seventy-One, again, although it appears that this may be a duplicate, there was another simple burglary and a receiving with a three and a five year.
The Court is going to assume, however, that you were given concurrent sentences to all of those last four matters I mentioned. However, then again in Seventy-Three there is another simple burglary for which you received five years at Angola, and then finally, in Seventy-Six, three receiving, which I'm assuming, again, were all run concurrent, with two years being sentenced in Angola.
This Court cannot be overly sympathetic to your posture since you have received nominal sentences at best on all of these convictions, and have shown very little, if any, inclination towards rehabilitating yourself.
Accordingly, under the guidelines of the Code of Criminal Procedure, Article 894.1, and because this particular sentence cannot be suspended and because you could not be suspended because of a prior conviction, this Court will not suspend any sentence, feels that there is an undue risk that during a period of suspended or probated sentence that you would commit another crime as is indicated by your past history, that you are clearly in need of correctional treatment or custodial environment by a commitment to an institution, and that a lesser sentence would deprocate [sic] not only from the seriousness of your crime, but from the lack of any sort of repentence or rehabilitation on your part.
Accordingly, the Court, in this case, because of your past history, because of your past unwillingness and because of your general overall approach to the laws of society, will give you the maximum sentence authorized, which is twelve years at hard labor. The first year of that sentence will be without parole, probation or suspension of sentence.
Although in passing sentence the trial judge does not mention the presence or absence of each mitigating factor in article 894.1, he does indicate that he considered whether the defendant had been law-abiding for a substantial period of time before committing the instant crime, whether the offense was the result of circumstances unlikely to recur, whether the defendant's attitude indicated that he was unlikely to commit another crime, and whether he was likely to respond positively to probation. Finding that these mitigating circumstances were absent and that only the aggravating factors were present, the court imposed the maximum sentence. The defendant did not offer any mitigating circumstances in his own defense. Therefore, we cannot say that the trial judge committed reversible error in the severity of the sentence.
Accordingly, for the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.