BOWES, Judge.
On February 7, 1985, a Kenner Police Officer was contacted by a T.G. & Y. store manager and was advised that merchandise had been stolen from the store and, at that time, the perpetrators were in a white vehicle parked across the street from the store. The police officer proceeded to the scene. He approached the vehicle described above, looked inside and observed several bags of merchandise on the floor of the vehicle with T.G. & Y. tags on the merchandise that are normally removed at purchase time. He then advised the occupants that they were under arrest for theft and told the defendant, Gloria (Sheila) Preston, who was in the driver’s seat, to hand him the keys, which she .failed to do. Instead, she started the vehicle and began to move away. As the officer reached inside the car, in an attempt to turn off the ignition, the defendant, apparently upon the advice of another suspect, accelerated. The officer was dragged approximately fifty (50) feet and then thrown to the ground, sustaining injuries to his right knee and side. The suspects were later apprehended and positively identified by the officer.
Defendant pled guilty to receiving stolen things valued at four hundred ninety-nine ($499.00) dollars (LSA-R.S. 14:69) and simple battery of a police officer (LSA-R.S. 14:34.2). She was sentenced to two years at hard labor and a fine of one thousand ($1,000.00) dollars for her violation of LSA-R.S. 14:69 and, for her violation of LSA-R.S. 14:34.2, she was sentenced to six months without hard labor and a fine of five hundred ($500.00) dollars. Both are maximum sentences, but are to be served concurrently. Defendant appeals these sentences as excessive and in violation of Art. 1, Sec. 20, of the Louisiana Constitution. We disagree and we affirm the action of the trial judge for the following reasons.
Defendant presents but one assignment of error:
1. The sentence given to Gloria Preston violated Article 1, Section 20 of the Louisiana State Constitution.
Article 1, Section 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive or unusual punishment.” A sentence is considered excessive if “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 426 So.2d 158 (La.1983); on remand 457 So.2d 616 (La.1984); cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Schexnayder, 472 So.2d 174 (La.App. 5 Cir.1985). The imposition of a *81 sentence, although within the statutory-limit, may violate a defendant’s constitutional right against excessive sentence and is subject to appellate review. State v. Sepulvado, 359 So.2d 137 (La.1978) appeal after remand 367 So.2d 762 (La.1979); State v. Accardo, 466 So.2d 549 (La.App. 5 Cir.1985); writ den. 468 So.2d 1204 (La.1985). Nevertheless, a trial court is given great discretion in imposing sentences within statutory limits, and the sentence should not be set aside absent a manifest abuse of that discretion. State v. Schexnayder, supra.
In order to insure adequate review, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in the LSA-La.C.Cr.P. art. 894.1 when determining the defendant’s particular sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982) appeal after remand 446 So.2d 1210 (La.1984); State v. Schexnayder, supra. The trial court need not articulate each aggravating and mitigating circumstance listed in LSA La.C.Cr.P. art. 894.1; the record need only reflect that the trial court considered these guidelines and particularized the sentence to the defendant. State v. Accardo, supra.
There is no articulated indication that the trial court considered any of the factors of LSA La.C.Cr.P. art. 894.1 in imposing sentence, although he apparently did consider the P.S.I. report and stated that the defendant had very little regard for law and order. Nevertheless, a remand for more complete compliance with LSA La.C.Cr.P. art. 894.1 is not necessary when the sentence imposed is not apparently severe or when the record otherwise supports the sentence choice. State v. Rivers, 470 So.2d 351 (La.App. 5 Cir.1985). Although we certainly prefer the trial judge to fully illumine his reasons, we will not necessarily remand cases for resentencing despite the trial court’s failure to comply with LSA-La.C.Cr.P. 894.1, when the record, and particularly the Pre-sentence Investigation (P.S.I.) Report contained therein, adequately supports the sentence imposed. State v. Torres, 470 So.2d 319 (La.App. 5 Cir.1985); State v. Keller, 470 So.2d 325 (La.App. 5 Cir.1985).
In the instant case, we have reviewed the P.S.I. Report and we note several mitigating factors, i.e., the defendant is a first offender with no previous criminal record; she is a twenty-six year old female, single parent, with two small children, with no one else to care for them; and she resides with and apparently helps to care for her grandmother who is partially blind; and she was unemployed at the time of the offense. However, the fact that the defendant acted in such a reckless and dangerous manner when she drove the car away while the officer was reaching inside, dragging him fifty feet and injuring him, is by far a more serious aggravating factor.
In this case, the defendant was sentenced to six months for a violation of R.S. 14:34.2 and two years at hard labor for her violation of R.S. 14:69. Additionally, she was fined fifteen hundred ($1,500.00) dollars. Although each sentence is the maximum provided by law, they are to be served concurrently, which effectively lessens the impact of each one. We are aware, however, that maximum sentences are reserved for cases involving the most serious violations of the charged offenses and/or for the worst kind of offender. State v. Quebedeaux, 446 So.2d 1210 (La.1984); State v. Robinson,, 431 So.2d 104 (La.App. 1st Cir.1983); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983) writs denied 435 So.2d 433. We find that the instant case is an example of the most serious violations of the charged offenses. The defendant’s actions toward the police officer showed utter disregard for lawful authority, outright contempt for a policeman acting in the line of duty, and could have caused him serious injury or even death. Courts must protect and support policemen who put their lives on the line every time they answer a call such as this one. In addition, the defendant was found in possession of a great many items that had been taken unlawfully from several stores in the vicinity of her initial stop and ulti *82 mate arrest, indicating a gross violation of the other charge to which she pled guilty.
For the reasons indicated herein, we find the sentences imposed under the circumstances of this case are not excessive and, accordingly, we affirm the trial court.
AFFIRMED.