CIACCIO, Judge.
Defendant, Eric (a/k/a Erick) McCormick, was charged with the crime of distribution of the controlled dangerous substance phencyclidine. La.R.S. 40:967. He was found guilty as charged, after a jury trial, and was sentenced to serve ten (10) years at hard labor. The defendant appeals relying upon three assignments of error and we affirm the defendant’s conviction and sentence.
The record reveals the following facts:
On June 29, 1985 at approximately 1:45 a.m. New Orleans Police Officers Tyronne Martin and David Handy were working as plainclothed officers in the 800 block of North Claiborne in the City of New Orleans. The policemen were under the North Claiborne Avenue overpass across from the Crystal Disco. At this time they observed the subject, who was later identified as Eric (a/k/a Erick) McCormick, as he attempted to stop a number of persons passing in the area. He would then engage the persons in a brief conversation and they would depart. As the two officers approached the subject, he stated “I got those clickers.” Officer Martin inquired as to the cost and was told $6.00. Martin reached into his pocket and retrieved $6.00 of his own money with which to purchase one of the cigarettes. The subject reached into the waist-band of his trousers and exhibited a plastic bag with six cigarettes. He retrieved one cigarette for Martin, at which time he was advised that he was under arrest. The cigarettes were delivered to the New Orleans Crime Laboratory where they were found to be marijuana cigarettes soaked in phencycli-dine (i.e., “clickers”).
According to the defendant, Eric (a/k/a Erick) McCormick, and two companions, he did not have nor did he attempt to sell marijuana cigarettes soaked in phencycli-dine. Rather, the defendant testified that he left the Crystal Disco in order to talk to a man who was intimidating the sister of one of his companions. While outside, and as he and his companion, Aaron Martin, were attempting to reenter the bar, they were stopped by the two plainclothed policemen. They were taken under the Claiborne Overpass where the officers told the defendant to lower his trousers. At this time, according to these witnesses and the defendant, one of the officers placed the bag of contraband on the defendant. Thereafter, the officers arrested McCormick, while releasing his companion, Aaron Martin.

Assignment of Error No. 1

By this assignment the defendant contends that the trial court committed reversible error when it denied him the opportunity to state his grounds for objecting to the admissibility of certain physical evidence (i.e., PCP laced marijuana cigarettes in a plastic bag).
The record reveals the following colloquy at the time the State attempted to place these items into evidence:
By Miss Agnihotri:
Your Honor, the State would like to file and introduce into the record, State exhibit 1, 2, and 3 and ask—
By the Court:
Any objection, Mr.—
By Mr. Taylor:
Objection, Your Honor.
By the Court:
To what exhibits?
By Mr. Taylor:
Objection to—
*585 By the Court:
Just a minute, just a minute, introduce. them one at a time.
Any objection to S-l?
By Miss Agnihotri:
Lab report.
By Mr. Taylor:
No objection to S-l—
By the Court:
Alright, S-l—
By Mr. Taylor:
—the lab report.
By the Court:
—is admitted into evidence. Any objection to S-2?
By Mr. Taylor:
Yes, Your Honor. We object to S-2 on several grounds.
By the Court:
No argument, please.
By Mr. Taylor:
Beg your pardon?
By the Court:
If you wish to argue I’ll take — have the jury brought up.
By Mr. Taylor:
No, I object to S-2.
By the Court:
Alright, the objection is overruled, S-2 is admitted into evidence.
By Mr. Taylor:
Note my objection.
[[Image here]]
The record clearly reveals that the court did not err. The court attempted to allow the defendant an opportunity to present his basis for objection, out of the presence of the jury. The defendant did not avail himself of that opportunity. For this reason, this assignment lacks merit.

Assignment of Error No. 2

The defendant, by assignment of error Number 2, contends that the trial court erred by prejudicially implying that the defense witness, James Jackson may have been convicted of possession of phencycli-dine.
During the cross-examination of James Jackson by the district attorney the following exchange occurred:
[[Image here]]
Q. Good, okay. Now, are you the — Mr. Jackson, have you ever been convicted of a crime?
A. Yes.
By Mr. Taylor:
I object, Your Honor.
By the Court:
Overruled.
Examination by Miss Agnihotri:
Q. What crime have you been convicted of?
A. For tickets, four marijuana cigarettes, and—
By the Court:
Doing what?
By the Witness:
Marijuana cigarettes.
By the Court:
What marijuana?
By the Witness:
I had got caught with four cigarettes.
By the Court:
What kind of cigarettes?
By the Witness:
Weed, sir.
By the Court:
Did you say clickers?
By the Witness:
I said weed, marijuana.
By the Court:
Just plain marijuana, possession of marijuana.
By the witness:
Right.
[[Image here]]
Each side has the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. La.R.S. 15:486. Evidence of conviction for a crime is admissible for the purpose of impeaching the credibility of the witness. La.R.S. 15:495.
The subject of prior conviction was a proper area of inquiry. Moreover, it is apparent from a review of the record that *586 the court merely misunderstood the witness when he had responded that he had been convicted for “four tickets”. Apparently the judge was under the impression that the witness said his conviction/was for “clickers” (i.e., the street language for phencyclidine laced marijuana cigarettes). The trial judge attempted to clarify his misunderstanding when he inquired as to the witness’ statement. Further, the judge did clarify this misunderstanding and clearly stated for the record that the witness had only been convicted for possession of plain marijuana. Under these circumstances we conclude that this exchange neither prejudiced the witness nor this defendant.
For these reasons, assignment of error number 2 lacks merit.

Assignment of Error No. 3

Defendant argues, by this assignment of error that his sentence was excessive and it was imposed without compliance with statutory sentencing guidelines.
Possession of phencyclidine with the intent to distribute is punishable by up to ten years at hard labor. La.R.S. 40:967. The defendant was sentenced to ten years at hard labor.
Sentencing guidelines were intended to enable the trial court to have a guide in exercising its sentencing discretion and as an aid to the reviewing court in its examination of that discretion. La.C.Cr.P. Art. 894.1. The record must evidence that the sentencing court considered the aggravating and mitigating factors in each case so as to tailor the sentence to the offender and the offense. State v. Quebedeaux, 424 So.2d 1009 (La., 1982) appeal after remand, 446 So.2d 1210 (La., 1984). The sentencing court need not articulate every aggravating and mitigating circumstance but the record must reflect that the judge considered the personal history of the defendant, the seriousness of the crime and the past criminal history of the defendant. La.C.Cr.P. Art. 894.1. State v. Guiden, 399 So.2d 194 (La., 1981); State v. Quebedeaux, supra.
In this case the following factors were considered before the defendant was sentenced:
By the Court:
This defendant stands convicted of the crime of distribution of Phencyclidine or PCP. The Court has examined the facts and circumstances pursuant to Article 894.1 of the Code of Criminal Procedure and finds and follows:
The defendant is 28 years old and claims to be married with two children and gives as his occupation truck helper for the Dixie Brewing Company.
At the trial the defendant denied selling drugs and claimed that the undercover police officer who purchased the drugs from him had framed him. He also claimed that the officer took some $280 from him. The jury, apparently unimpressed with his testimony, returned a verdict of guilty as charged in less than 30 minutes.
A review of the defendant’s criminal record reveals that he was fined $45 in 1978 for unauthorized use of a moveable; that he was placed on two years probation in 1980 for simple robbery. It goes without saying that PCP is an extremely dangerous drug and that the unlawful sale to all comers on a street corner an extremely serious crime. In view of the foregoing a lesser sentence than that which is about to be pronounced will deprecate the seriousness of the defendant’s crime.
It is therefore the sentence of this Court that the defendant, Eric (a/k/a Erick) McCormick, serve ten years at hard labor in the custody of the Department of Corrections.
Remand him.
(Sentencing Trans, p. 1 to 2)
In this case the court considered the nature of the crime, the prior conviction and personal history of the defendant. Accordingly, the court properly complied with the statutory guidelines and under the circumstances of this case, we cannot say that the defendant’s sentence is excessive.
For the reasons assigned, this assignment lacks merit.
*587 Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.