618 So.2d 439 (1993)
STATE of Louisiana, Plaintiff/Appellee,
v.
David A. OVERTON, Defendant/Appellant.
No. 92-KA-1111.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1993.
*440 Dorothy A. Pendergast, Quentin Kelly and W.J. LeBlanc, Asst. Dist. Attys., 24th Judicial Dist., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, 24th Judicial Dist., Indigent Defendant Bd., Gretna, for defendant/appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, David A. Overton, and co-defendant, Tontairo Wilford, were charged by grand jury indictment with first degree murder in violation of LSA-R.S. 14:30. The charge as to Wilford was amended to manslaughter; to which Wilford entered a plea of guilty.
Overton was arraigned and entered a plea of not guilty. Prior to trial the State amended the charge as to Overton to second degree murder. Overton was tried by a jury and found guilty as charged. He was subsequently sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. A timely filed motion for appeal was granted.
FACTS
On the night of October 2, 1991, Overton and Wilford visited the victim, Harvey Spencer, a 77-year-old man with whom they both were acquainted. They smoked crack cocaine with Spencer and Wilford offered to have sex with Spencer. Wilford left the room to undress. While she was absent, Overton picked up a sharp knife and stabbed Spencer in the neck. Wilford returned to the room. She and Overton removed two rings and a watch from Spencer's body and fled. They flagged down an acquaintance, Eric Brown, who was driving by in his vehicle. Brown agreed to give them a ride. While in the vehicle, Overton sold Brown the two rings and the watch.
Brown dropped the defendant and Wilford off separately at different locations. Wilford turned herself into police. Subsequently, Brown learned that the jewelry he purchased from defendant belonged to Spencer and that Spencer had been found murdered in his home. Brown contacted the local police, turned over the jewelry and gave a statement as to how he obtained the jewelry. Thereafter, the defendant and Wilford were arrested. Wilford testified as a state witness in exchange for a reduction in her charge.
On appeal the defendant assigns one error and asks this court to review the record for errors patent on its face.
Defendant contends Jefferson Parish Deputy Bruce Chauvet made a reference to inadmissible evidence of other crimes during his testimony for the State. He argues that the trial court erred by denying his motion for mistrial made in opposition to the reference by Deputy Chauvet. Defendant asserts that the mistrial was warranted because the State's case hinged on the jury's determination of the credibility of the witnesses.
At the trial, Deputy Bruce Chauvet testified that during his investigation of the murder, he "placed the subject [defendant] *441 under arrest, upon learning [defendant's] name.... I had run him previously on NCIC and had learned that he had an outstanding attachment for his arrest." Defense counsel moved for a mistrial, arguing that the reference to the outstanding attachment suggested other crimes. The trial court denied the motion for mistrial and stated "it suggests maybe this one [the instant crime]. It doesn't suggest others." Defense counsel did not request an admonition.
LSA-C.Cr.P. art. 770 mandates a mistrial only when a judge, district attorney, or other court official refers to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." However, since a police officer is not a "court official" for purposes of article 770, a mistrial was not mandatory and the appropriate remedy, if any, was an admonition. LSA-C.Cr.P. art. 771; State v. Walters, 514 So.2d 257, 265 (La.App. 5th Cir.1987), writ denied, 523 So.2d 811 (La.1988). Where the remark is made by someone other than the judge, district attorney, or other court official, such as is the case here, then the proper remedy is outlined in LSA-C.Cr.P. art. 771 as follows in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
. . . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Unsolicited and unresponsive testimony is not chargeable against the State to provide a ground for mandatory reversal of a conviction. State v. Jack, 554 So.2d 1292 (La.App. 1 Cir.1989) writ denied 560 So.2d 20 (La.1990). Mistrial is a drastic remedy and is warranted only where the remarks result in substantial prejudice sufficient to deprive the defendant of a fair trial. State v. Goods, 403 So.2d 1205 (La. 1981). The determination as to whether a mistrial should be granted under this provision is within the sound discretion of the trial judge. The denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Cook, 598 So.2d 423, 426 (La.App. 5 Cir.1992).
In the instant case there is no showing of substantial prejudice since the remark is, at best, an indirect reference to another crime and is vague and subject to various interpretations. Nor is there any suggestion that the testimony was deliberately obtained by design of the prosecutor to prejudice the rights of the defendant. See State v. Thompson, 597 So.2d 43 (La.App. 1 Cir. 1992); writ den. 600 So.2d 661 (La.1992). Under these circumstances we find no abuse of the trial court's discretion in refusing to declare a mistrial. Further, the defendant made no request for an admonition.
For the foregoing reasons we affirm the defendant's conviction and sentence.
AFFIRMED.