727 So.2d 1231 (1999)
STATE of Louisiana
v.
Aaron HARRELL.
No. 98-KA-671.
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*1232 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Laurie A. White, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and THOMAS F. DALEY.
GOTHARD, Judge.
Defendant, Aaron Harrell, appeals his conviction and sentence on a charge of armed robbery in violation of LSA-R.S. 14:64. For reasons that follow, we affirm.
Defendant was charged by bill of information with armed robbery. He was arraigned and entered a plea of not guilty. After a jury trial he was found guilty as charged and subsequently sentenced to serve fifteen years at hard labor. The court stipulated that the first five years of the sentence would be served without benefit of probation or suspension of sentence. Defendant filed a motion for reconsideration of sentence and a timely appeal.

FACTS
At about 2:30 a.m. on April 16, 1997, Frank Parker was on his way to his job as a truck driver. He testified that defendant, Aaron Harrell, flagged him down on Loyola Drive in Kenner and asked him for a ride to 27th Street. Parker recognized defendant as someone he had seen in his neighborhood, and allowed the young man into his truck.
Parker testified that when they reached 27th Street, defendant pointed a gun at him and said, "Up the money, b* *ch, or I'll shoot you-pop you right here." Parker gave defendant a one hundred dollar bill. The money belonged to Parker's employer, and he was to use it to buy fuel for the company's truck. Defendant exited the truck and fled on foot.
Parker drove around the neighborhood looking for defendant, but was unsuccessful. At 3:38 a.m., Parker flagged down Officer John Lewis of the Kenner Police Department, *1233 and reported that he had been robbed. He described the perpetrator to the officer as a short black man, wearing a blue jacket with white at the shoulders, and dark pants. Parker also told Lewis that the man had several gold teeth. Officer Lewis knew defendant, and recognized that he fit the description given by Parker.
Lewis and Parker proceeded to 1011 27th Street, where defendant resided with his mother, Carolyn Harrell. They were joined by backup Officer Bryian Robson. Lewis knocked on the door and Ms. Harrell responded. Lewis asked her whether defendant was at home, and she said he was outside. On the officer's request, Ms. Harrell called out to defendant, and he appeared on the stairway dressed only in his underwear. Parker, who was standing on the front lawn, told the officers that defendant was the man who had robbed him. Defendant was allowed to dress, and was placed in the back of a police car.
The officers asked defendant and Ms. Harrell for consent to search the apartment. Robson read them their rights from a form, and they both gave their consent for a search. At trial, the state introduced the consent form, signed by both defendant and Ms. Harrell. During the search of defendant's bedroom, the officers recovered two blue jackets and a pair of dark pants. Officer Lewis found a loaded handgun inside a hole in the wall of defendant's closet. Parker identified one of the jackets as the one defendant wore at the time of the robbery. No money was recovered in the search. The officers placed defendant under arrest and charged him with armed robbery.
Carolyn Harrell testified on behalf of defendant. She stated that when Parker saw defendant at the apartment, he initially identified him as the perpetrator. However, when Parker looked more closely at defendant, he stated that defendant was not the one who had robbed him. Ms. Harrell further testified that she had let defendant in the house earlier, and he was not wearing the jacket identified by Parker.
Defendant testified that he was a former member of a drug gang, and that on April 15, Parker came to his house with the intention of buying drugs. Defendant did not want to engage in a transaction at that time, as he saw police officers in the area. He told Parker to give him some money, and that he would get back to him later. Parker gave him a one hundred dollar bill. Instead of waiting for defendant to contact him, Parker went to police and claimed he had been robbed. Defendant testified that when he spoke to Parker on April 15, he had on the clothes Parker later described to police.
Defendant testified that the officers asked whether drugs were involved in the incident, and he untruthfully told them no. Defendant stated that the one hundred dollar bill was hidden under his television, and that he had not returned it to Parker because he had been in jail since his arrest. Defendant further testified that he did not know there was a gun hidden in his closet.
Defendant herein is represented by an indigent defender who filed a brief seeking review of the record for errors patent. In that brief, counsel thoroughly reviewed the facts of the case with references to the record and suggests that a claim of insufficient evidence might have been made since there were no fingerprints on the gun and no money was found. However, counsel concludes it is unlikely, given the evidence adduced at trial that the claim of insufficient evidence would have been successful. Defense counsel filed a "Motion to Withdraw as Counsel of Record" stating that, "(u)ndersigned counsel, after a conscientious examination and review of the appellate record, finds no non-frivolous issues to present on the appeal".
It is clear that a mere request for an errors patent review without an assignment of errors deprives an indigent defendant of effective assistance of counsel. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). However, Anders v. California, supra, provides a procedure by which an indigent defender may withdraw from a case when he or she feels that no appealable issues remain. When after a diligent and conscientious review of the record, defense counsel fails to find any nonfrivolous issues for consideration on appeal, *1234 he or she may move to be dismissed as attorney of record. Defendant must be informed of the request and afforded an opportunity to assign errors for the appellate court's review. The court, after a full examination of all the proceedings, will decide whether the case is wholly frivolous. If it so finds, the motion to withdraw may be granted. That procedure has been adopted in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990); see also, State v. Bradford, 95-929 (La.App. 5 Cir 6/25/96), 676 So.2d 1108.
Recently in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, the Supreme Court expounded on the holding in Anders. The Jyles court commented that a bare statement by counsel that no non-frivolous issues exist is insufficient to satisfy the Anders requirements. The court stated that:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.
Because we find the advocate in the instant matter has complied with the above discussed procedures, we grant the motion to withdraw.
Further, we have made an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information, and all transcripts contained in the appeal record. We find no non-frivolous issues, nor trial court ruling which arguably supports the appeal.
Defense counsel notes, correctly, that an argument as to sufficiency of the evidence is not supported by the record. Under LSA-R.S. 14:64, the state must prove beyond a reasonable doubt: (1) a taking (2) of anything of value, (3) from a person or in his immediate control, (4) by use of force or intimidation, (5) while armed with a dangerous weapon. See, State v. Cittadino, 628 So.2d 251 (La.App. 5 Cir.1993). The evidence in the record meets the sufficiency standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The victim, Mr. Parker, testified that defendant took a one hundred dollar bill from him. Defendant himself admitted he had accepted the money from Parker, and had not returned it. Parker testified that defendant pointed a gun at him, and threatened to shoot him if he did not turn over his money. When shown the gun recovered from defendant's room, Parker could not say whether or not it was the gun defendant used in the robbery. Parker testified that the gun was cupped in defendant's hand so that only the barrel was visible. However, Parker testified that the barrel of the gun admitted at trial was consistent with that of the gun defendant used in the robbery. In any event, it is well settled that production of a weapon is not required in an armed robbery prosecution, as long as the state can establish each element of the offense beyond a reasonable doubt through the testimony of witnesses. State v. Lee, 97-1035 (La.App. 5 Cir. 2/11/98), 709 So.2d 226.
The identification of defendant was sufficient. Mr. Parker testified that he had seen defendant around his neighborhood prior to the robbery. Furthermore, defendant's gold teeth were a distinctive feature that Parker recognized immediately upon seeing him at the apartment. The testimony does not show that Parker was coerced or influence to identify defendant as the perpetrator. Ms. Harrell's testimony regarding Parker's identification of defendant conflicts with the testimony of the state's witnesses. However, that is a matter of witness credibility, delegated to the trier of fact. The credibility of witnesses will not be re-weighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052.
An argument that the trial court erred in denying defendant's motion to suppress the evidence would not be supported by the record. It appears there was a valid consent search of defendant's residence. The officers testified there was no coercion used to obtain consent to search from defendant and Ms. Harrell, and that the two were *1235 fully informed of their rights prior to giving their consent. Moreover, Ms. Harrell herself testified that she consented to the officers' search.
However, we do note on an errors patent review that the sentence imposed by the trial court is illegally lenient, in that the judge stipulated that only the first five years of the 15-year term would be served without benefit of probation or suspension of sentence. Under the sentencing provisions of LSA-R.S. 14:64, the entire sentence should have been imposed without benefit of parole, probation, or suspension of sentence. Although the state notes this error in its brief, it did not preserve its right to appeal the sentence, since it did not file a motion to reconsider sentence, or make a timely objection below. LSA-C.Cr.P. art. 881.2 B provides:
The state may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and

(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article. (Emphasis added).
Additionally, LSA-C.Cr.P. art. 881.1 D provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
It is well settled that appellate courts are prohibited from acting to correct illegally lenient sentences where the prosecution has failed to preserve the issue for appeal. See, State v. Fraser, 484 So.2d 122 (La.1986). Based on the foregoing, this Court may not act on defendant's illegal sentence. See, State v. Washington, 621 So.2d 114 (La.App. 2 Cir.1993).
It is also noted that the trial court failed to inform defendant of the three-year time limitation for applying for post conviction relief, as required by LSA-C.Cr.P. art. 930.8. The district court is hereby ordered to send a written notice of the prescriptive period to defendant within ten days of the rendering of this opinion, and to file written proof in the record that defendant received such notice. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
AFFIRMED WITH ORDER.