735 So.2d 901 (1999)
STATE of Louisiana
v.
Thomas NORMAND.
No. 98-KA-1312.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*902 Williard J. Brown, Sr., Gretna, Louisiana, Attorney for Appellant Thomas Normand.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Ellen S. Fantaci, Attorney of Record on Appeal, Terry M. Boudreaux, Assistant District Attorneys, Research and Appeals, Richard C. Bates, Ron A. Austin, Assistant District Attorneys, Trial Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, Judge.
Defendant, Thomas A. Normand, appeals from his conviction of possession of cocaine. We affirm the conviction, enhanced sentence and remand.
Defendant was charged on April 14, 1997 with illegal carrying of a weapon by a convicted felon, in violation of La.R.S. 14:95.1, and with possession of more than 28 grams of cocaine, but less than 200 grams, in violation of La.R.S. 40:967(F)(a).[1] The defendant pled not guilty at his arraignment. He subsequently filed a motion to suppress his confession, which the trial judge denied after a hearing on July 23, 1997. Defendant was tried by a jury on only on the cocaine charge on November 18 and 19, 1997 and was found guilty as charged. He was sentenced to 30 years imprisonment at hard labor with 10 years to be served without benefit of "any type of parole."[2]
The State filed an habitual offender bill of information on December 3, 1997, alleging defendant to be a second felony offender. A hearing was held on December 16, 1997, during which defendant admitted to the allegations in the habitual offender bill of information. After vacating the original sentence, the trial judge *903 imposed an enhanced sentence of 31 years imprisonment at hard labor.
Defendant appeals from his conviction, asserting that the trial judge erred in denying his motion to suppress the confession or other inculpatory statements because they were made in violation of his Miranda rights, thus diluting appellant's presumption of innocence before the jury. Second, he argues that he was denied his right to confront his accusers as guaranteed by the Sixth Amendment to the United State Constitution and Article I Section 16 of the Louisiana Constitution of 1974. Third, defendant asserts that he was denied due process of law when the trial judge denied his motion for a mistrial pursuant to a prejudicial remark made in the presence of the jury by a witness. Fourth, defendant requests review of the entire record for errors patent.
The Jefferson Parish Sheriff's Office received information that defendant was selling cocaine from his residence at 504 Dolhonde Street in Gretna. As a result, on March 22, 1997, officers began surveillance of defendant's home between 9:30 and 10:00 p.m. and set up a sale through a confidential informant who had a friend who was able to purchase cocaine from defendant. On that evening, the confidential informant and the friend went to the defendant's residence where the friend went inside and purchased cocaine from the defendant. Afterwards, the confidential informant brought the friend to another location and the informant met with officers concerning the narcotics purchase. After the narcotics purchase was completed, the officers applied for a warrant to search the premises, which was signed by a judge later that night.[3]
Agent Capacci of the Jefferson Parish Sheriff's Office was part of the surveillance team. At trial, he testified that, at approximately 12:30 a.m., he saw defendant and another person leave defendant's residence in a red Fiero. Deputy Lassiegne of the Gretna Police Department was notified of defendant's departure and location. Deputy Lassiegne testified that he followed defendant's vehicle as it entered the elevated West Bank Expressway at Lafayette Street. When defendant began to speed, Deputy Lassiegne activated the siren and lights of his police unit. After Deputy Lassiegne stopped defendant's car, Deputy Dykes and Officer Bealer also arrived on the scene. As Deputy Lassiegne approached the driver's side of the Fiero, he saw defendant fumbling with his waistband, as if shoving something into his pants. Deputy Lassiegne instructed defendant to exit the car and defendant complied. The officer noticed some clear plastic protruding from defendant's waistband which, based upon defendant's actions, the officer believed to be contraband. Deputy Lassiegne seized the plastic, which was actually a large plastic bag containing seven tiny bags of white powder. Deputy Lassiegne advised defendant of his Miranda rights and arrested him.[4] When Deputy Lassiegne asked defendant where he had been, defendant told him that he was coming from his mother's home, although they knew that he had just left 504 Dolhonde Street. Deputy Dykes and Officer Bealer then transported defendant back to 504 Dolhonde Street.
Deputy Lassiegne returned to 504 Dolhonde Street where he gave the plastic bag, taken from defendant, to Detective Todd Vignes, the assistant case agent. Deputy Lassiegne testified that he told Detective Vignes that he had advised defendant of his Miranda rights and that he had arrested defendant. After arriving at the residence, defendant cooperated with the officers. He directed the officers to his bedroom where he showed them a large plastic bag containing twelve individual *904 bags of white powder hidden under his mattress.
At trial, Detective Vignes testified that approximately $2,000 in cash was also retrieved from under the mattress and approximately $144 was found on the defendant. Daniel Waguespack, an expert in the field of chemical analysis, testified that both State's Exhibits C and D contained cocaine. He also said that exhibit C weighed 2.6 grams and exhibit D weighed 105.9 grams. Although the cocaine was mixed with other substances, at least half of the mixture was cocaine.
Defendant first argues that the trial judge erred in denying his motion to suppress the confession or other inculpatory statements because the State failed to prove that he was given his Miranda warnings. Defendant claims that there was no signed Miranda form indicating he waived his rights and the officer who was supposed to have given the warnings did not testify at trial.
Before a confession or inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights and that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. Miranda v. Arizona, 384 U.S. at 444, 86 S.Ct. at 1612; La. R.S. 15:451; State v. Lecoq, 98-286 (La.App. 5th Cir. 8/25/98), 717 So.2d 1249, 1251.
Deputy Lassiegne testified that he stopped the defendant's vehicle because he was traveling in excess of 55 miles per hour on the elevated West Bank Expressway and because he had been requested to stop by Agent Gibbs, an officer with the surveillance team. Deputy Lassiegne stated that after he seized the contraband from defendant, he advised defendant of his Miranda rights. Deputy Lassiegne further said that defendant understood those rights and that he did not appear to be confused or intoxicated. Deputy Dykes and Officer Bealer arrived on the scene shortly thereafter and Deputy Lassiegne testified that Deputy Dykes also interviewed defendant on the Expressway.
After the defendant was returned to his residence, Detective Vignes spoke to him in the presence of Deputy Dykes. Detective Vignes stated that he did not feel the need to read defendant his Miranda rights again because Deputy Dykes had told him that he had already done it. Detective Vignes testified that he told the defendant that he had no obligation to speak to him, but that defendant stated that he did not want to go to jail and he expressed a desire to extricate himself from the situation. Defendant asked Detective Vignes what he had to do to avoid going to jail. Detective Vignes told the defendant that he could not make any promises to him. According to Detective Vignes, he made it clear to defendant that he was under no obligation to talk to the officers. Nonetheless, defendant told Detective Vignes him that he had approximately 5 ounces of cocaine in the house that he had obtained from a supplier named Ronnie Danzer. Detective Vignes stated that defendant also showed the officers the location of the cocaine in the house and then went with some other officers to point out Danzer's apartment.
The lack of a signed waiver of rights form does not, by itself, require the suppression of a defendant's statement. State v. McCorkle, 97-966 (La.App. 5th Cir. 2/25/98), 708 So.2d 1212, 1216; State v. Parr, 498 So.2d 103, 105 (La.App. 5th Cir. 1986). In deciding the admissibility of a confession, the trial judge must consider the totality of the circumstances. Oregon v. Bradshaw, 462 U.S. 1039, 1044-46, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983); State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 280; State v. Dunn, 94-776 (La.App. 5th Cir. 2/15/95), 651 So.2d 1378, 1387; State v. Johnson, 97-867 (La.App. 5th Cir. 4/15/98), 711 So.2d 848, 851, writ denied, 98-1293 (La.10/09/98), 726 So.2d *905 20. The trial judge's decision in this regard is entitled to great weight and will not be overturned on appeal unless it is not supported by the evidence. State v. Green, 655 So.2d at 281; State v. Johnson, 711 So.2d at 851. The testimony of the officers at the suppression hearing reflects that the defendant was advised of his Miranda rights and then waived them. Under the totality of the circumstances, we find that the trial judge correctly denied the defendant's motion to suppress.
Defendant next asserts that he was denied his right to confront his accusers as guaranteed by the Sixth Amendment to the United States Constitution and Article I Section 16 of the Louisiana Constitution of 1974. Defendant contends that his right to present a defense and his right of confrontation were denied because the State failed to provide him with the identity of the person who purchased cocaine from him. Based upon the appellate brief, it appears the defendant is arguing that if he had known the identity of this person, he could have questioned him or her at trial concerning whether or not Deputy Dykes advised him of his Miranda rights. The State responds that the defendant waived the issue of the disclosure of the individual's identity because he proceeded to trial without obtaining a ruling on the motion to disclose identity. The state further responds that this person's testimony would have been irrelevant because he or she was not on the scene when the defendant was arrested.
After the trial judge denied the motion to suppress, defendant made an oral motion to disclose the identity of the confidential informant, as well as the identity of the person who actually purchased the narcotics. The trial judge withheld ruling on the motion and stated that he would rule on the matter on the following Monday, after memoranda or argument on the disclosure issue. However, the record reflects that the hearing was continued. The record does not reflect that the matter was ever ruled upon. In addition, the record reflects that defendant did not raise prior to trial the issue that the motion was not ruled upon. Motions pending at commencement of trial are waived when defendant proceeds to trial without raising the failure of the trial judge to rule on the motion. State v. Williams, 97-1135 (La. App. 5th Cir. 5/27/98), 714 So.2d 258, 264; State v. Scamardo, 97-197 (La.App. 5th Cir. 2/11/98), 708 So.2d 1126, 1129, writ denied, 98-0672 (La.7/2/98), 724 So.2d 204; State v. Price, 96-680 (La.App. 5th Cir. 2/25/97), 690 So.2d 191, 196. Therefore, we find that defendant waived the disclosure issue.
Further, we find that even if defendant had not waived the issue, he suffered no prejudice because the testimony of the individual who purchased narcotics from the defendant would have been irrelevant as to whether or not the defendant was advised of his Miranda rights by Deputy Dykes or any other officer since there is no evidence that he was on the scene at the arrest. The record reflects that there was a passenger with the defendant in the Fiero, but does not reflect that the passenger was the same individual who had purchased cocaine from the defendant. In addition, the record clearly reflects that Deputy Lassiegne advised the defendant of his Miranda rights when he arrested him. The issue of whether Deputy Dykes also advised the defendant of his Miranda rights was irrelevant in light of Deputy Lassiegne's testimony.
In his third assignment of error, the defendant asserts that the trial judge erred in denying his motion for a mistrial because of a prejudicial remark made by a State witness who testified that he had observed the "controlled buy." Defendant contends that the trial judge should have granted his motion because this statement was an impermissible reference to other crimes' evidence. The State responds that the trial judge's ruling was not an abuse of discretion and was nevertheless harmless *906 in light of the strong evidence against the defendant.
The remark was made during defendant's cross-examination of the State's witness, Agent Capacci:
Defense counsel:
Agent Capacci, you said that you started your surveillance somewhere around 9:30 or 10:00?
Agent Capacci:
Yes sir.
Defense counsel:
Who was with you?
Agent Capacci:
I was by myself. I was the only Agent to maintain a visual. Other Agents were in that area for backup.
Defense counsel:
And did you see other people leave this residence during that time?
Agent Capacci:
Yes, I did.
Defense counsel:
Do you know how many?
Agent Capacci:
I wold (sic) have to say approximately three to four individuals after the controlled buy had been made.
(R., p. 196).
Out of the presence of the jury, defense counsel then moved for a mistrial based on Agent Capacci's remark about the controlled buy. After argument by the State and the defense, the trial judge denied the mistrial motion for the following reasons and defense counsel did not request an admonition:
THE COURT:
I'm ready to rule. I am going to deny your motion for a mistrial, because I believe it is an answer in response to a question by defense counsel. I think it is a spontaneous answer. I think controlled by (sic) probably means nothing to these jurors. So, for that reason, I'm going to deny the motion for a mistrial. But, I'm going to instruct the witness further to confine your answers limited to the fact that this defendant is on trial for possession of cocaine.
(R., pp. 198-199).
La.C.Cr.P. art. 770 provides for a mistrial only when a trial judge, district attorney, or other court official refers to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." As a general rule, a police officer is not a "court official" for purposes of article 770. State v. Harris, 383 So.2d 1, 9 (La.1980); State v. Overton, 618 So.2d 439, 441 (La. App. 5th Cir.1993); State v. Lions, 624 So.2d 436, 438 (La.App. 5th Cir.1993). When a remark is made by someone other than the trial judge, district attorney, or other court official, the proper remedy is outlined in La.C.Cr.P. art. 771 as follows in part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
A mistrial is a drastic remedy and is within the discretion of the trial court, unless mandatory, and a mistrial is warranted only if substantial prejudice results *907 which would deprive the defendant of a fair trial. La.C.Cr.P. art. 770; State v. Narcisse, 426 So.2d 118, 133 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983); State v. Johnson, 98-281 (La.App. 5th Cir. 9/29/98), 719 So.2d 1141,1144; State v. Winfrey, 97-427 (La. App. 5th Cir. 10/28/97), 703 So.2d 63, 71, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481.
Here, Agent Capacci's remark does not refer to any crime allegedly committed by the defendant. The only reference to the defendant was in the context of people leaving his residence after the "controlled buy." However, Agent Capacci did not explain the definition of a controlled buy, nor did he state that the defendant was involved in it. Moreover, as stated by the trial judge, Agent Capacci's reference to a "controlled buy" probably did not mean anything to the jury. The defendant did not ask for an admonition. Thus, we find that the mistrial was not mandatory under C.Cr.P. arts. 770-771 and no substantial prejudice resulted which deprived defendant of a fair trial. Thus, the trial judge did not abuse his discretion in denying the defendant's motion.

PATENT ERROR
The State asserts in its brief in response to defendant's appeal that the defendant's sentence is illegally lenient because the trial judge failed to impose a mandatory fine and because the sentence was not imposed without benefit of parole, probation or suspension of sentence, as required by La.R.S. 40:967(G) and La.R.S. 15:529.1(G). However, the State failed to preserve these issues for appeal.
La.C.Cr.P. art. 881.2 B provides:
The state may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and

(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article. (Emphasis added).
Additionally, La.C.Cr.P. art. 881.1 D provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Although the State notes the sentencing errors in its brief, it did not file a motion to reconsider the sentence nor make a timely objection below. Appellate courts are prohibited from acting to correct illegally lenient sentences where the prosecution has failed to preserve the issue for appeal by a motion or objection in the trial court. State v. Harrell, 98-671, p. 9 (La.App. 5th Cir. 1/26/99), 727 So.2d 1231, 1999 WL 31239; State v. Fraser, 484 So.2d 122 (La.1986). Thus, we will not address the illegally lenient sentencing complaints argued by the State.
The State also asserts two other sentencing errors. First, it states that the trial judge failed to give defendant credit for time served when imposing sentence, as mandated by La.C.Cr.P. art. 880, and urges this Court to amend the commitment to so reflect. However, the Louisiana Legislature amended this article by 1997 La. Acts 788, Section 1, effective August 15, 1997, to make credit for time served self-operating. The article now provides that "[a] defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the *908 imposition of sentence." According to the comment, "[t]his article makes the credit for prior custody self-operating even on a silent record. It does not change the law." Thus, no corrective action by this Court is necessary. State v. McCorkle, 708 So.2d at 1219.
Second, the State asserts that the trial judge failed to observe the delay between "conviction as a habitual offender and sentencing as required by La.C.Cr.P. art. 873." However, in State v. Davalie, 313 So.2d 587, 591 (La.1975), the Louisiana Supreme Court stated that an habitual offender enhanced sentence is not a conviction and the delay periods of Article 873 do not apply. The Court noted that the habitual offender statute "merely provides for an enhanced penalty against the multiple offender for the basic crime for which he has been convicted." It relates only to the enhanced sentencing of defendant, whereas, the 3 day delay of La.C.Cr.P. art. 873 is the required delay between conviction and sentencing. Thus, we find no error in the sentence.
Finally, the State asserts, and we note, that the trial judge incorrectly advised defendant of the prescriptive period for post-conviction relief. La.C.Cr.P. art. 930.8 dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within 3 years after his judgment of conviction. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. However, the failure to inform the defendant is not a ground for vacating the sentence. Rather, the remedy is to remand the case with an instruction to the trial judge to inform defendant of the provisions of Article 930.8 by sending written notice to defendant within 10 days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Birden, No. 95-1007 (La.App. 5th Cir. 5/15/96), 675 So.2d 1187, 1190-1191; State v. Crossley, 94-965 (La.App. 5th Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459.
Accordingly, the defendant's conviction and enhanced sentence are hereby affirmed. The case is remanded with an instruction to the trial judge to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending written notice to defendant within 10 days after the rendition of this opinion and to file written proof in the record that defendant received such notice.
AFFIRMED AND REMANDED.
NOTES
[1] The record reflects that the defendant was only tried on the cocaine charge. While the assistant district attorney discussed setting the firearm charge for trial, it was not set for trial at that time and the disposition of that charge is unknown.
[2] Although defendant's sentence may be indefinite since he was denied "any type of parole" for the first 10 years of his sentence, any error in the original sentence is moot because that sentence was vacated. State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 81, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481.
[3] The details of the narcotics transaction were not discussed at trial, but rather, at the suppression hearing.
[4] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966),