857 So.2d 1185 (2003)
STATE of Louisiana
v.
James JENKINS.
No. 02-KA-161.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2003.
*1186 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Gevin Grisbaum, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and THOMAS F. DALEY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On March 23, 2000, a grand jury for Jefferson Parish returned an eleven-count indictment against defendant, James Jenkins, and two others, Danon Barton and Keith Lipton, alleging that they committed one count of conspiracy to commit armed robbery (LSA-R.S. 14:26 and 14:64); one count of aggravated burglary (LSA-R.S.14:60); two counts of armed robbery (LSA-R.S.14:64); one count of simple burglary (LSA-R.S.14:62); two counts of attempted armed robbery (LSA-R.S. 14:27 and 14:64); three counts of aggravated kidnapping (LSA-R.S.14:44); and one count of possession of stolen property valued at more than $1,000 (LSA-R.S.14:69). At the arraignment on March 27, 2000, defendant pled not guilty. The state subsequently amended the indictment to change the aggravated kidnapping charges to three counts of armed robbery. Also, the state added count twelve, charging defendant and Barton with aggravated burglary (LSA-R.S.14:60).
Thereafter, on February 20, 2001, defendant withdrew his former pleas of not guilty, and pled guilty as charged to the twelve counts. The trial judge then sentenced defendant to twenty years at hard labor without benefit of probation, parole or suspension of sentence on each of the five counts of armed robbery. With regard to the counts of conspiracy to commit armed robbery, aggravated burglary, and attempted armed robbery, the trial judge also sentenced defendant to twenty years at hard labor. In addition, the trial court sentenced defendant to five years at hard labor for the simple burglary and possession of stolen property convictions. All of the sentences were ordered to be served concurrently. Defendant now appeals.

FACTS
According to the factual basis recited by the prosecutor when defendant pled guilty, the charges stemmed from a conspiracy between defendant, Barton and Lipton to commit armed robberies upon Asian people leaving Wal-Mart stores, believing these people would have cash that could be readily stolen. According to the indictment, the crimes occurred between August 9, 1999 and August 17, 1999 in Jefferson Parish.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant contends that the trial judge erred in denying his motion to suppress statement because the state failed to prove that he was advised of his Miranda rights.
*1187 We first note that the state contends that defendant is precluded from raising the issues in this assignment as well as the next assignment because he pled guilty without reserving his right to appeal any adverse pre-plea rulings pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). The state is correct in its assertion that defendant did not originally plead guilty pursuant to Crosby. However, subsequent to his guilty pleas, defendant moved the court to amend the February 20, 2001 minute entry to reflect that the guilty pleas had been entered pursuant to State v. Crosby. The prosecutor said that the state had no objection to the amendment. Further, the prosecutor stated that a co-defendant had already entered a Crosby plea, and that he would expect any defendant entering a plea in this matter to enter a Crosby plea. Therefore, the trial judge granted defendant's motion to amend the minute entry. Considering that the state agreed to the amendment, we find no merit to the state's argument that defendant is precluded from raising issues relating to the motion to suppress on appeal. We turn now to the merits of defendant's argument.
Before a confession or inculpatory statement can be admitted in evidence, it must be established that the accused who makes the statement during custodial interrogation was first advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Accord, State v. Vigne, 01-2940, p. 6 (La.6/21/02), 820 So.2d 533, 537. The state must also affirmatively establish that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451; LSA-C.Cr.P. art. 703(D); State v. Quest, 00-205(La. App. 5 Cir. 10/18/00), 772 So.2d 772, 780, writ denied, 00-3137 (La.11/2/01), 800 So.2d 866.
At the suppression hearing, Detective Michael Cunningham of the Kenner Police Department testified that New Orleans Police Department officers arrested defendant on unrelated charges on August 27, 1999. Detective Cunningham and another Kenner police officer, Detective McGregor, went to the Magazine Street office in New Orleans where defendant was detained. Detective Cunningham testified that he told defendant that he was investigating some armed robberies. He advised defendant of his Miranda rights, including that he had the right to remain silent, that his statements could be used against him at trial, that he had a right to an attorney, and that if he could not afford an attorney, one would be appointed for him. Detective Cunningham stated defendant indicated that he understood his rights and was willing to make a statement. Thereafter, defendant made a statement and said that his girlfriend could verify the statement.
Detectives Cunningham and McGregor went to interview defendant's girlfriend. However, Detective Cunningham testified that the girlfriend did not confirm defendant's statement. Detective Cunningham testified that, upon returning to the Magazine Street office, he told defendant that the girlfriend did not corroborate his statement. At that time, Detective Cunningham again advised defendant of his rights and presented him with a waiver of rights form that defendant signed. Thereafter, defendant made an audio taped inculpatory statement.
Detective McGregor of the Kenner Police Department also testified at the suppression hearing. However, Detective McGregor did not testify about any of the circumstances surrounding the defendant's statement on direct examination. Rather, *1188 his testimony related to photographic lineups involving Lipton. As discussed in the second assignment of error, the detective's testimony terminates during his cross-examination by Lipton's attorney because the tape of the hearing was lost.
Finally, the minute entry of the proceeding reflects that, after Detective McGregor testified, defendant invoked his right against self-incrimination, and co-defendant Danon Barton testified. Thereafter, the trial court denied the motion to suppress. Defendant now challenges this denial.
The thrust of defendant's argument is that the state failed to prove he was advised of his Miranda rights because he did not sign a waiver of rights form before making the first statement. Defendant argues that the first statement is, therefore, inadmissible, rendering the second statement inadmissible as well. This court rejected a similar argument in State v. Normand, 98-1312 (La.App. 5 Cir. 5/19/99), 735 So.2d 901, writ denied, 99-1687 (La.11/12/99), 749 So.2d 653.
In Normand, the arresting officer testified at the suppression hearing that he verbally advised the defendant of his Miranda rights after which the defendant made an inculpatory statement. This court recognized that the lack of a signed waiver of rights form does not, alone, require the suppression of a defendant's confession. Rather, when deciding the admissibility of a confession, the trial judge must consider the totality of the circumstances. State v. Normand, 735 So.2d at 904.
In reviewing the trial court's ruling as to the admissibility of a confession, the court's conclusions on the credibility of witnesses are entitled to the respect due those made by one who saw the witnesses and heard them testify. The trial court's ruling will not be overturned on appeal unless it is unsupported by the evidence. State v. Evans, 97-1030 (La.App. 5 Cir. 4/15/98), 712 So.2d 941, 945, writ not considered, 98-2088 (La.12/18/98), 731 So.2d 276.
In the present case, the testimony of Detective Cunningham at the suppression hearing reflects that defendant was advised of and waived his Miranda rights before each statement. Under the totality of the circumstances, we find that the trial judge correctly denied defendant's motion to suppress statement. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Notwithstanding the fact that defendant addressed the trial court's denial of his motion to suppress in the previous assignment, he now asserts that it is impossible to review the court's ruling because a portion of the transcript from the suppression hearing is missing. Defendant urges this court to set aside his guilty pleas because he cannot receive adequate review of the trial court's ruling.
In the present case, it is clear that a portion of the transcript from the suppression hearing is missing. The minute entry for October 5, 2000 reflects that the transcript was lost. The court reporter filed a letter into the record stating that the last tape of the suppression hearing was lost and could not be transcribed. Specifically, the part that was not transcribed consists of a portion of Detective McGregor's cross-examination, as well as the testimony of defendant and Barton. On January 16, 2001, the trial court held a hearing, at which Detective McGregor was available to testify, to address the missing transcript. The prosecutor stated that the state was prepared to submit on the motion to suppress based on the current condition of the transcript, but that the defense *1189 could cover "any relevant material matters" that were not covered during the transcribed hearing. The court inquired whether defendant Jenkins was "okay as far as Detective McGregor's testimony." Defendant's attorney responded that she had no questions for Detective McGregor that had not already been addressed on the record. When the court asked whether Detective McGregor was free to leave, defendant's attorney responded affirmatively. In the present case, defendant did not object to the trial court's ruling regarding the missing transcript and represented that he had no further questions of Detective McGregor than what was already transcribed. Therefore, we conclude that defendant waived any objection to this portion of missing transcript.
In this assigned error, defendant emphasizes the fact that he cannot have adequate review of the motion to suppress in light of the fact that his testimony at the suppression hearing was lost.[1] We find no merit to this argument. The minute entry and well as the transcript from the hearing on the missing transcript indicates that defendant invoked his right against self-incrimination and chose not to testify.
Based on the foregoing discussion, we find that the arguments raised by defendant in this assigned error are likewise without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We find no errors which warrant our attention at this time.
For the reasons set forth herein, we hereby affirm defendant's convictions and sentences.
AFFIRMED.
NOTES
[1] We also note that co-defendant Barton's testimony at the suppression hearing is missing. However, he was not present at the taking of Jenkins' statement, and therefore, his testimony would be irrelevant to the issues raised by defendant in this brief.