WALTER J. ROTHSCHILD, Judge.
|2On October 26, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Terrence Reed, with aggravated flight from an officer, in violation of LSA-R.S. 14:108.1 C. Defendant was arraigned on October 27, 2004, and pled not guilty. On November 10, 2004, defendant filed various pre-trial motions. The trial court heard and denied defendant’s motion to suppress statement on January 28, 2005. At the hearing on this motion, the trial court allowed defendant to represent himself, with the assistance of appointed counsel.
On June 29, 2005, the trial court advised defendant of his rights, in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and defendant indicated that he understood them. Defendant then advised |3the court that he wished to waive his rights and plead guilty as charged,[1] reserving his right to appeal the trial court’s rulings on his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). The trial court accepted defendant’s guilty plea and sentenced him to two years at hard labor, pursuant to a plea agreement.
The State filed a habitual offender bill of information on June 29, 2005, alleging defendant to be a third felony offender. On that day, the trial court advised defendant of his right to remain silent and his right to a habitual offender hearing. Defendant then entered an admission to the State’s allegations, and the court found him to be a third felony offender. In accordance with a plea agreement, the trial court vacated defendant’s original sentence and imposed an enhanced sentence of two years at hard labor, without benefit of probation or suspension of sentence.
On July 7, 2005, defendant filed a timely “Motion for Appeal Pursuant to State v. Crosby,” which was granted by the trial court on July 13, 2005.

FACTS

Since defendant’s conviction was the result of a guilty plea, there is limited information in the record as to the facts surrounding the instant offense. The bill of information alleges that defendant “did intentionally refuse to bring a vehicle to a stop, under circumstances wherein human life is endangered, knowing he had been given a visual and audible signal to stop *1066 when the officer had reasonable grounds to believe that the Terrence Reed had committed an offense.” At the time of his guilty plea, defendant informed the trial court that he was involved in a high speed chase with the Louisiana State Police on Interstate 10, and the prosecutor stated that “the State is alleging that he exceeded the posted speed limit in excess of twenty-five miles per hour, he left the roadway or forced another vehicle to leave 14the roadway, and he traveled against the flow of traffic.” At the hearing on defendant’s motion to suppress statement, Trooper Henry Thompson testified that the incident took place on September 8, 2004.

DISCUSSION

In his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress statement. He asserts that the State failed to prove that he waived his rights before making a statement to police. Defendant points out that the State did not produce a waiver of rights form or a tape recording of the advisal of rights to show that he understood his rights and knowingly and voluntarily waived them before making a statement.
At a hearing on a motion to suppress statement or confession, the State bears the burden of proving the free and voluntary nature of a statement or confession beyond a reasonable doubt. LSA-C.Cr.P. art. 703 D; State v. Hills, 354 So.2d 186, 188 (La.1977). Before the prosecutor may introduce a statement or confession into evidence, the State must show that it was not the result of fear, duress, intimidation, menace, threats, inducements or promises. LSA-R.S. 15:451; State v. Lucky, 96-1687 (La.4/13/99), 755 So.2d 845, 855, cert. denied, 529 U.S. 1023, 120 S.Ct. 1429, 146 L.Ed.2d 319 (2000). A determination as to voluntariness of a statement is made on a case-by-case basis and is based upon a “totality of the circumstances.” State v. Fernandez, 96-2719 (La.4/14/98), 712 So.2d 485, 487; State v. McGee, 04-963 (La.App. 5 Cir. 1/11/05), 894 So.2d 398, 407, writ denied, 05-0593 (La.5/20/05), 902 So.2d 1050. The trial court’s ruling as to the admissibility of a statement will not be disturbed on appeal unless it is unsupported by the evidence. State v. Jenkins, 02-161 (La.App. 5 Cir. 9/30/03), 857 So.2d 1185, 1188, writ denied, 04-2533 (La.11/28/05), 916 So.2d 130.
1 ,sTrooper Henry Thompson of the Louisiana State Police testified at the suppression hearing that he placed defendant under arrest on September 8, 2004. At that time, he read defendant his rights from a card. Demonstrating how he administered those rights to defendant, Thompson read them aloud from the card in court as follows:
You have the right to remain silent; anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer, have him present with you while you’re being questioned.
If you cannot afford to hire a lawyer, one will be appointed to represent you before you are questioned. You can decide at any time to excise (sic) these rights and not answer any questions or make any statement.
Thompson testified that he asked defendant whether he understood his rights, although he did not indicate what defendant’s response was. He further testified that he did not force, coerce, or threaten defendant in order to convince him to make a statement, and he did not promise defendant anything in exchange for making a statement. The officer said defendant did not ask for a lawyer or say that he did not want to talk at any time. Thompson said defendant made a statement to him following the rights advisal, *1067 but neither the rights advisal nor the statement was tape recorded.
Defendant argues that, because the State did not produce a waiver of rights form signed by him and Trooper Thompson did not explicitly testify that he waived his rights, the State did not meet its burden of proof. Therefore, defendant contends that the trial court’s ruling is not supported by the evidence.
Miranda waivers may be either explicit or implicit. North Carolina v. Butler, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979); State v. Ross, 95-1798 (La.3/8/96), 669 So.2d 384, 386. The validity of such a waiver turns on the facts and circumstances surrounding the statement. Id. This Court has | Rfound that the absence of a signed waiver form does not, by itself, require the suppression of a defendant’s statement or confession. State v. Jenkins, supra at 1188; State v. Normand, 98-1312 (La.App. 5 Cir. 5/19/99), 735 So.2d 901, 904, writ denied, 99-1687 (La.11/12/99), 749 So.2d 653.
In the present case, Trooper Thompson clearly advised defendant of his Miranda rights. The officer did not threaten or coerce defendant, nor did he promise him anything in exchange for his statement. Defendant correctly notes that there was no testimony or physical evidence showing that defendant said he understood his rights and that he explicitly waived his rights, but Thompson testified that defendant did not ask for an attorney or say that he did not want to talk. Based on a totality of the circumstances, we find that the trial court correctly denied defendant’s motion to suppress. Accordingly, we affirm defendant’s conviction and sentence.
In his second assignment of error, defendant requests an errors patent review. This Court routinely reviews the record for errors patent, in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. After conducting such a review in this case, we find no errors patent.

DECREE

For the reasons set forth above, we affirm defendant’s conviction and sentence.

AFFIRMED.

. Defendant was represented by counsel at the time of his guilty plea.